**PARKER et al. v. MAZUR.   (No. 8092.)**

Court of Civil Appeals of Texas.   San Antonio.
Dec. 12, 1928.

Rehearing Denied Jan. 30, 1929.

Leonard Brown, of San Antonio, for appellants.

Heilbron & Kilday and Harry L. Howard, all of San Antonio, for appellee.

FLY, C. J.  Appellee sought and obtained temporary writs of injunction restraining T. T. Parker and A. B. Parker from further proceedings looking to a sale of certain lots of land in the city of San Antonio, under and by virtue of a certain deed of trust executed by appellee to T. T. Parker to secure the payment of five certain promissory notes each in the sum of $3,400, each payable ten years after date; said A. B. Parker being the trustee in said deed of trust.  This appeal was taken from an interlocutory order overruling a motion to dissolve the temporary injunction.

It was alleged in the petition that the notes were payable in San Antonio, not at any specified place therein, and consequently were payable at the place of business of appellee, at 115 Military Plaza, that an installment of interest in the sum of $510 became due, and, although appellee had the money and was ready and willing to pay the same to appellants, neither of them called at said place of business for said interest, but declared the whole debt due by reason of default in payment of the interest, and were proceeding to sell the real estate for the said debt.  Appellee alleged a tender of the full amount of the interest that was due, and prayed that appellants be compelled to accept the full amount of interest tendered into court, by appellee.

The facts show that appellants, when the first installment of interest on the notes became due and was not paid, proceeded, under authority of a provision in the deed of trust, to declare the whole debt, principal, and interest due, as evidenced by the five notes each for $3,400.  The interest at 6 per cent. per annum on the aggregate sum of $17,000 was $1,020, and was payable semiannually; default being claimed in the payment of the semiannual interest amounting to $510, which sum was tendered appellants.  Appellants made no demand for the interest when it became due, but proceeded to declare the whole debt due.  Appellee was at all times during the time the notes were in existence engaged in business at 114 Military Plaza, city of San Antonio, and T. T. Parker has an office in the Kampmann building in said city.  The property was advertised to be sold on July 3, 1928.  Appellee swore that he was ready at all times after the interest became due to pay the same to T. T. Parker, but he did not request payment thereof.  The interest was due and payable on March 28, 1928, and on May 2, 1928, the attorney for T. T. Parker notified appellee that he held the notes for collection which had been declared due by

T. T. Parker. Appellee at once sought T. T. Parker and offered to pay the interest, but he refused it, and said: "No don't talk to me you talk to my lawyer, I want the full amount of the money." Ford and Kilday, agents of appellee, afterwards tendered the interest to appellant T. T. Parker, and he refused to accept it.

■ Under the Negotiable Instruments Act (Rev. St. 1925, art. 5937, § 73), it is upheld that "where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment," but that part of the act must be construed in connection with section 70, art. 5937, which provides: "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part." There was no special place named in the notes for payment of principal or interest. O'Connor v. Kirby Inv. Co. (Tex. Civ. App.) 262 S. W. 554; Moore v. Knemeyer (Tex. Civ. App.) 271 S. W. 653. A note payable in San Antonio was not payable "at a special place" within the terms of the statute.

■ There is in the notes a waiver of presentment for payment, and that dispensed with any presentment for payment of principal or interest. Article 5937, § 82, Rev. Stats. 1925. It has been held: "Where the acceleration clause in a promissory note leaves it optional with the holder whether he shall declare the whole amount due upon failure to pay any installment of principal or interest, such holder cannot, without presentment for payment, exercise his option to declare the whole amount due, if no specific place of payment is expressed in the note, until it has been presented to the payor at the latter's known place of business." Griffin v. Reilly (Tex. Civ. App.) 275 S. W. 242. In the case of Beckham v. Scott (Tex. Civ. App.) 142 S. W. 80, it was held that formal demand must be made for any installment on a debt before the whole debt can be declared due. In the absence of the clause in each note, "The makers and all endorsers hereof severally waive presentment for payment, notice of dishonor and of protest," there would be no question that the notes could not have been declared due without formal notice to the maker of the notes. The power to declare one or all of notes due in case of default of payment of interest is left optional with the owner or holder of the note. No notice of acceleration of payment of the whole was given by the owner to maker, and, unless the waiver of presentment for payment waived all notice of declaration of acceleration of payment, the injunction was properly grant-

ed. The exercise of such power is a harsh one in any case, and especially so under the facts of this case, where the lots were bought on ten years' time, and only six months had expired, and where the maker swore that he had the money to pay the interest but was not notified as to it being due. The notes were all placed in the hands of an attorney for collection in a very short time after the interest was due, as shown by the fact that appellee received notice from the attorney on the fourth day after the interest was due. The owner of the notes would not accept payment of the interest, but inexorably demands his "pound of flesh," although no injury to him could possibly have arisen from two or three days' delay in paying the interest. A court of equity will scan very closely the enforcement of so hard and rigorous a contract as appears in this case. A contract must be read in the light of the intention of the parties to it, and we do not conceive that it ever entered into the mind of appellee that without notice the whole contract should be enforced in six months. He undoubtedly intended to waive presentment of the claim for interest and nothing more. He knew that was a declaration of intention to mature all the notes if there was default in a semiannual payment of interest, but he could not anticipate that such a harsh measure would be put into execution upon the first opportunity offered. He had the right to indulge in the charitable presumption that no man in this age of civilization and far-flung regard for human rights would, without the slightest notice of such intention, seek the fulfillment of a contract that it was expected might continue for ten years. It must be kept in view that the mere failure to pay the interest within 30 days would not of itself immediately mature the whole debt, but acceleration of maturity depended entirely upon the option and desire of the owner and holder of the notes. The debtor knew that there was default in payment of interest, but had no notice that the creditor would exercise his power of acceleration of the whole debt.

■■ The clause as to the maturity of the whole debt was not positive and self-executing, but depended for its vitality upon the will and desire of the owner and holder of the notes, and equity would demand notice of such will and desire before demand should be made for the payment of the entire debt. The failure to give notice of an intended act could not be known except to the payee of the notes, and it was harsh and inequitable for him to exercise the right of acceleration without due notice to the maker of the notes. A court of equity may relieve against a provision for acceleration where the default of the debtor is the result of accident or mistake, "when it is procured by the fraud or other inequitable conduct of the creditor himself." Pomeroy, Eq. Jur., § 439; Bennett v.

Stevenson, 53 N. Y. 508; Hawkinson v. Banaghan, 203 Mass. 591, 89 N. E. 1054.

The judgment will be affirmed.