Claude W. OGDEN, Jr., Petitioner,

v.

GIBRALTAR SAVINGS ASSOCIATION, Respondent.

No. C–769.

Supreme Court of Texas.

July 14, 1982.

Rehearing Denied Nov. 10, 1982.

Nathaniel G. Rhodes, Corpus Christi, for petitioner.

Mahoney, Shaffer, Hatch & Layton, Lee Mahoney, Corpus Christi, for respondent.

McGEE, Justice.

Claude W. Ogden, Jr. sued Gibraltar Savings Association to recover damages for wrongful foreclosure under a deed of trust. After trial to a jury, the court rendered judgment that Ogden take nothing. The court of civil appeals affirmed. 620 S.W.2d 926. We reverse the court of civil appeals' judgment and render judgment that Ogden recover his damages established at trial.

Ogden owned a house and land located at 418 Indiana, Corpus Christi, Texas. On May 1, 1963, he executed a promissory note in the amount of $12,000.00, payable in monthly installments, together with a deed of trust covering the property. The deed of trust contains an acceleration clause which provides upon default, the balance due on the note "shall at the option of the holder or holders thereof, immediately become due and payable...." Gibraltar was the holder of the note and deed of trust lien.

It is undisputed Ogden was in default on his note payments. Gibraltar sent a letter to Ogden, dated August 17, 1978, which notified Ogden of the following:

"(1) You have breached the covenant to pay sums due under your promissory note.

(2) To cure such breach you must pay to Gibraltar $1,315.08 no later than September 16, 1978. A late charge of $3.68 will be due after August 16, 1978. In addition, beginning September 1, 1978, the September regular monthly payment will also be due.

(3) Your failure to cure such breach on or before said date may result in acceleration of the sums secured by the Deed of Trust and sale of the property standing as security thereunder.

Further, you are notified of your right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale."

On November 13, 1978, Gibraltar posted a notice of trustee's sale, and the property was sold at such sale to a third party on December 5, 1978.

The sole question with which we are concerned is whether Gibraltar gave proper notice of acceleration prior to foreclosing under the deed of trust.

█ Where the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands notice be given of the intent to exercise the option. *Brown v. Hewitt,* 143 S.W.2d 223 (Tex.Civ.App.—Galveston 1940, writ ref'd). Thus, in the absence of a waiver, the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975). In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale. *Lockwood v. Lisby,* 476 S.W.2d 871 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.); *Jernigan v. O'Brien,* 303 S.W.2d 515 (Tex.Civ.App.—Austin 1957, no writ); *Parker v. Mazur,* 13 S.W.2d 174 (Tex.Civ.App.—San Antonio 1928, writ dism'd). If, after such notice, the mortgagor fails to remedy the' breach, then the mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust. *See Natali v. Witthaus,* 134 Tex. 513, 135 S.W.2d 969 (1940).

Ogden contends the August 17 letter was insufficient notice of acceleration because it failed to give unequivocal notice that his failure to tender the amounts in default *would* result in acceleration. The letter states that "failure to cure such breach on or before [September 16, 1978] *may* result in acceleration of the sums secured by the Deed of Trust and sale of the property ..." (emphasis added). Gibraltar contends the letter, in connection with the notice of trustee's sale, was sufficient notice of acceleration. It contends the letter made a demand for payment and provided an opportunity to cure, and that the notice of trustee's sale gave notice that the entire debt had been accelerated.

█ The term "notice of acceleration" is used by the parties to express different concepts. Ogden refers to notice of intent to accelerate; Gibraltar refers to notice that the debt has been accelerated. Although the cases do not always clearly distinguish between the two, both types of

notices are required. Notice of intent to accelerate is necessary in order to provide the debtor an opportunity to cure his default prior to harsh consequences of acceleration and foreclosure. Proper notice that the debt has been accelerated, in the absence of a contrary agreement or waiver, cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable. *See Faulk v. Futch,* 147 Tex. 253, 214 S.W.2d 614 (1948). Notice that the debt has been accelerated, however, is ineffective unless preceded by proper notice of intent to accelerate. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975).

■ We hold that the August 17 letter was insufficient to give notice that Gibraltar intended to exercise its option to accelerate the debt. The acceleration clause in the deed of trust gave Gibraltar the option to accelerate upon default, but it was not required to do so. The letter gave no clear and unequivocal notice that Gibraltar would exercise the option. *See Crow v. Heath,* 516 S.W.2d 225 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Rather, it merely restated the option conferred in the deed of trust. As the court stated in *Parker v. Mazur,* 13 S.W.2d 174, 175 (Tex.Civ. App.—San Antonio 1928, writ dism'd):

> The clause as to the maturity of the whole debt was not positive and self-executing, but depended for its vitality upon the will and desire of the owner and holder of the notes, and equity would demand notice of such will and desire before demand should be made for the payment of the entire debt. The failure to give notice of an intended act could not be known except to the payee of the notes, and it was harsh and inequitable for him to exercise the right of acceleration without due notice to the maker of the notes.

Since Gibraltar did not give proper notice of its intent to accelerate the debt, any attempted acceleration was ineffective. We do not decide whether, after proper notice of intent to accelerate, a notice of trustee's sale is sufficient to give notice that the debt has been accelerated.

■ We overrule Gibraltar's contention that Ogden waived his right to complain of the improper notice because he failed to submit a jury issue thereon. Ogden presented a motion for instructed verdict on the basis that Gibraltar failed to give proper notice, which motion was overruled by the trial court. We have found no evidence in the record, other than the August 17 letter, which could support a finding that Gibraltar gave proper notice.

Ogden sought recovery of the value of the premises wrongfully sold, plus prejudgment and postjudgment interest thereon, and exemplary damages. The jury found the property had a value of $49,600.00 on the date of sale, but refused to find Ogden was entitled to exemplary damages. There has been no challenge to the amount of damages pleaded or of the jury's findings. Accordingly, we reverse the judgment of the court of civil appeals and render judgment that Ogden recover from Gibraltar the sum of $49,600.00, plus interest thereon at the rate of six percent per annum from December 5, 1978 to April 25, 1980, the date of the trial court's judgment, and thereafter at the rate of nine percent per annum until the judgment is paid.

BARROW, Justice, dissenting.

I respectfully dissent.

I agree with the conclusion of the court of civil appeals that the letter of August 17, 1978 was proper demand notice to Ogden, who was then delinquent for at least eight monthly payments. The terms of the letter were sufficient notification that unless Ogden cured this breach before September 16, 1978, Gibraltar would exercise its option under the deed of trust to accelerate the note and foreclose on the property. *Cf. Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975). No payment was made or tendered by Ogden and the property was properly posted for foreclosure sale in accordance with the terms of the deed of trust. The property was sold at the foreclosure sale on December 5, 1978 without Ogden tendering either the sum due on the

accelerated note or any part of the deficiency.

I would affirm the judgments of the lower courts.