Jose S. CORTEZ and Wife Idolina G. Cortez, Appellants,

v.

BROWNSVILLE NATIONAL BANK and Paul Y. Cunningham, Appellees.

No. 13–83–201–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 19, 1984.

Leo Villarreal, Kingsville, for appellants.

A.C. Nelson, Brownsville, for appellees.

Before BISSETT, YOUNG and KENNE-DY, JJ.

## OPINION

BISSETT, Justice.

This is a summary judgment case. On September 29, 1982, Jose S. Cortez and wife, Idolina G. Cortez, filed suit against Brownsville National Bank and Paul Y. Cunningham, Trustee, to set aside a Trustee's Deed, dated September 7, 1982, wherein certain real property was conveyed to Brownsville National Bank by Paul Y. Cunningham, Trustee. Summary judgment that the plaintiffs take nothing by their suit was rendered on March 29, 1983. The plaintiffs have duly and timely projected an appeal from that judgment.

Plaintiffs alleged: 1) that they are the owners of a certain described tract of land in Brownsville, Cameron County, Texas, which constitutes their homestead, and is subject to a first lien owned by Guillermo C. Mendez and wife, Inocencia Velia G. Mendez; 2) that on September 15, 1978, they signed a note in the amount of $2,700.00, payable to the order of Reynaldo Ramirez, which was secured by a mechanic's lien; 3) that the note and the mechanic's lien was assigned by Ramirez to Brownsville National Bank on September 19, 1978; 4) that on April 26, 1979, plaintiffs paid the note "with an extension of real estate note and lien"; 5) that plaintiffs "paid the aforementioned April 26, 1979 extension of real estate note and lien" on December 2, 1981; 6) that accompanying said notice was a letter from the Trustee which informed plaintiffs that the

debt to Brownsville National Bank had been declared in default and that they could avoid a foreclosure by paying the Bank or the Trustee "by certified funds," the sum of $633.32 and attorney's fees in the amount of $150.00;  7) that plaintiffs paid the Brownsville Bank, by check dated September 7, 1982, the sum of $661.07, "which was the balance owed on the extension of real estate note and lien dated December 2, 1981";  8) that the Bank "accepted such payment";  and 9) that on September 7, 1982, the Trustee "conducted the Trustee's Sale and conveyed plaintiffs' homestead to the Brownsville National Bank."

Plaintiffs, in their petition, conclude that the sale (and deed) should be set aside because the defendants 1) failed to "present plaintiffs with the note and demand payment of past due installments prior to exercising the right to accelerate";  2) failed "to inform plaintiffs that failure to cure the default would result in acceleration of the note and foreclosure under the power of sale in the Mechanic's Lien Contract";  3) failed to give them notice of the Bank's "intent to exercise its option to accelerate the note";  4) the Bank, through its Trustee, foreclosed on a debt "in the mechanic's lien contract," when "said note had already been paid by plaintiffs' extension of real estate note and lien dated April 26, 1979," which extension was paid by "plaintiffs' extension of real estate note and lien dated December 2, 1981";  and 5) the Bank was paid "the balance on plaintiffs' extension of real estate note and lien dated December 2, 1981."

The defendants, in addition to filing a general denial and special denials, also pled: 1) "By its own terms the extension of the real estate note and lien signed on April 26, 1979, renewed the original note";  2) "By its own terms the extension of the real estate note and lien dated December 2, 1981, acknowledged the original note dated September 15, 1978, referred to in the original builder's and mechanic's lien contract of the same day did renew said note";  3) the check from plaintiffs, although received by the Bank, "was not in certified funds," and

the Bank, after inquiring of the National Bank of Commerce, "wherein the check was drawn," was informed that "there were insufficient funds to cover said check";  4) the original note, dated September 15, 1978, "specifically waived notice, presentment for demand, demand for payment and acceleration of maturity";  5) "as a matter of law, taking all documents together, it is clear the original promissory note of September 15, 1978 was extended and renewed";  and 6) the Bank did not accept the $661.07 check as payment.

The defendants' motion for summary judgment was filed on January 28, 1983. They alleged that they were entitled to summary judgment as a matter of law, and that there were no disputed issues of material fact.  The grounds for summary judgment as set forth in the motion are substantially the same as the defenses raised by defendants in their first amended original answer.  Apparently, plaintiffs filed a response to defendants' motion.  However, response, if any, is not in the record before us.

Plaintiffs, appellants in this Court, present a single point of error.  It reads:
"THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES BECAUSE THE TRUSTEE'S NOTICE OF SALE AND FORECLOSURE IS EXCLUSIVELY BASED ON THE NOTE IN THE MECHANIC LIEN CONTRACT WHICH DOES NOT PROVIDE FOR WAIVER OF NOTICE, PRESENTMENT FOR PAYMENT, DEMAND FOR PAYMENT AND ACCELERATION OF MATURITY AND PROTEST, AND THE TRUSTEE FAILED TO GIVE APPELLANTS NOTICE OF INTENT TO ACCELERATE AND PROPER NOTICE THAT THE DEBT HAD BEEN ACCELERATED AS REQUIRED BY *CLAUDE W. OGDEN V. GIBRALTAR SAVINGS ASSOCIATION,* 640 S.W.2d 232."

Defendants, appellees in this Court, in addition to contending that plaintiffs' point

of error has no merit, present a counterpoint. It reads:

"THE PLAINTIFFS HAD WAIVED NOTICE, PRESENTMENT FOR PAYMENT, DEMAND FOR PAYMENT AND ACCELERATION OF MATURITY AND PROTEST AND AGREED THAT THE NOTE COULD BE RENEWED OR AT THE TIME OF PAYMENT, EXTENDED."

The evidence presented by the defendants at the hearing on their motion for summary judgment consisted of an affidavit and certain exhibits. Such summary judgment evidence reveals that there is no dispute as to material facts. We summarize the evidence.

On September 15, 1978, the plaintiffs signed a note in the original principal sum of $2,700.00, payable to the order of Reynaldo Ramirez, due on or before December 14, 1978, and bore interest at the rate of 10% per annum. It, in part, stated:

"It is expressly provided that upon default in the punctual payment of this note or any part thereof, principal or interest, as the same shall become due and payable, the entire indebtedness secured by the hereinafter mentioned lien shall be matured, at the option of the holder.

It is hereby expressly agreed that this note is given in part payment for labor and material to be furnished for improvements to be made upon the property hereinafter described; and this note is secured by Deed of Trust and by Builder's, Mechanic's, Laborer's and Materialman's Lien created in contract of even date herewith, upon

Lot 10 and the adjoining or west 6 ft. of Lot 11, all in the Rockdale Addition to the City of Brownsville, Cameron County, Texas.

in the city of Brownsville, Cameron County, Texas, to which Contract and Deed of Trust reference is here made ...."

\* \* \* \* \* \*

"Each Maker, Surety and Endorser waives Notice, Presentment for Payment, Demand for Payment and Acceleration of Maturity, and Protest, and agrees and consents that this note may be renewed, or at the time of payment extended, without notice, and without releasing any of the Parties."

Also, on September 15, 1978, the plaintiffs, as "Parties of the First Part," and Reynaldo Ramirez, as "Party of the Second Part," executed a combination Mechanic's Lien and Deed of Trust, hereinafter called the "Contract," which, in pertinent part, recited:

"The parties of the first part in consideration for the foregoing hereby agree to pay the party of the second part the sum of $2,700.00 as follows: One term note payment of $2,700.00, payable on or before the 14th day of December, 1978."

\* \* \* \* \* \*

"Should the parties of the first part make default in the punctual payment of said indebtedness or any part thereof, principal or interest, as the same shall become due and payable, ... then and in any such case, the whole amount of said indebtedness hereby secured remaining unpaid, shall at the option of the party of the second part, or the holder thereof immediately mature and become payable and it shall thereupon, or at any time thereafter the same or any part thereof remaining unpaid be the duty of the second party of the third part therein ...."

The original note and all liens securing the same were assigned by Reynaldo Ramirez to the Brownsville National Bank. On April 26, 1979, an extension agreement by the plaintiffs and the Bank was executed. It recited that the plaintiffs "were legally obligated to pay one certain promissory note in the sum of $2,700.00, dated September 15, 1978, executed by Jose S. Cortez and Idolina G. Cortez, payable to the order of Reynaldo Ramirez, assigned to Brownsville National Bank ... said note being secured by a builder's and mechanic's lien against the following described property ... desires to renew the balance due on said note and extend the time of payment

thereof, together with the extension of the lien on said property." The agreement further provided that in "consideration of the renewal of said note and debt, and the extension of said lien on said property aforesaid, the said parties do hereby renew said note and debt, and extend said lien on said property." The plaintiffs then agreed to pay to the Bank, on order, "the sum of $2,700.00 being the balance due this date, together with interest thereon at the rate of 14.67% per annum," in 24 monthly installments of $130.77 each, commencing on or before May 25, 1979. The agreement further provided that "the other terms and conditions of the original note and lien to remain in full force and effect, except as otherwise provided for in this extension agreement."

By December 2, 1981, the balance on the original note for $2,700.00 had been reduced to $768.48. On that date, another extension agreement was executed by the plaintiffs and the Bank. It contained the identical provisions as those contained in the April 26, 1979 extension, except 1) the balance was $768.48, the monthly installments were 12 in the amount of $64.04 each, commencing January 5, 1982, and the interest was 23.89% per annum.

Paul Y. Cunningham, by letter dated August 9, 1982, notified plaintiffs that they were in default in the payments on their note, that the note had been "declared in default," and that the Bank had requested him, as Trustee, to post notices of Trustee's sale. The letter also advised plaintiffs:

"If the remaining principal balance due on your note, that is secured by the Mechanic's Lien Contract referred to in the enclosed Trustee's Notice of Sale, of $633.32, plus attorney's and trustee's fees of $150, is not paid by certified funds to either the undersigned or the Brownsville National Bank before 10:00 A.M., September 7, 1982, the undersigned will conduct the sale referred to in the enclosed Trustee's Notice of Sale.

\* \* \* \* \* \*

"Hopefully, you will undertake to make immediate arrangements with Mr. Jean Webb at the Brownsville National Bank for the retirement of the above described obligations and avoid the legal consequences herein set forth."

Accompanying the letter was a copy of the Trustee's Notice of Sale.

Plaintiffs issued their check in the amount of $661.07 to the Brownsville National Bank on September 7, 1982. The check, drawn on the National Bank of Commerce, Brownsville, Texas, was returned by the National Bank of Commerce to the Brownsville National Bank and was marked "Returned Unpaid Insufficient Funds Sep.–7–1982."

For a foreclosure under a deed of trust to be upheld, *absent a contrary agreement, waiver, or exceptional circumstances,* two types of notices must be given by the noteholder to the maker of the note. They are: 1) notice of intent to accelerate prior to exercising the option to accelerate in order to provide the debtor with an opportunity to cure his default prior to foreclosure, and thereby avoid the harsh consequences of foreclosure; and 2) notice of acceleration. *Ogden v. Gibraltar Savings Association,* 640 S.W.2d 232, 233–234 (Tex. 1982); *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975); *Faulk v. Futch,* 147 Tex. 253, 214 S.W.2d 614 (1948). Notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate. *Ogden,* supra; *Allen Sales & Servicenter, Inc.,* supra.

The letter from Paul Y. Cunningham, to the plaintiffs, dated August 9, 1982, is sufficient to properly notify the plaintiffs that the debt had been accelerated. The letter clearly demanded payment of "the remaining balance due on your note" by "10:00 A.M., September 7, 1982." This language constituted an acceleration of the maturity of the note.

The plaintiffs, in support of their contention that the judgment of the trial court should be reversed because they were not properly notified of the Bank's intention to accelerate the maturity of the note,

rely on *Ogden v. Gibraltar Savings,* 640 S.W.2d 232 (Tex.1982). In particular, they rely on the following language, which appears on page 233 of the published opinion:

"... [I]n the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale...."

A "mortgage" on realty cannot in law be secured by a deed of trust. A "mortgage" on land is an interest in land created by a written instrument providing security for the payment of a debt, and is usually evidenced by a note. A deed of trust is in legal effect a mortgage with a power of sale. See 59 C.J.S., Mortgages, §§ 1–12, pp. 23–41; 39 Tex.Jur.2d, Mortgages, § 1, pp. 10–11. One mortgage cannot secure another mortgage. A reading of the entire sentence in the opinion, quoted above, shows that the word "mortgage" was used inadvertently.

Under the undisputed summary judgment evidence in this case, the only note executed by the plaintiffs is the note dated September 15, 1978, payable to the order of Reynaldo Ramirez, hereinbefore sometimes referred to as the "original note." That note contained waiver provisions, hereinbefore quoted.

On April 26, 1979, and again on December 2, 1981, the original note and the liens securing the same were extended through the execution by the parties of extensions of Real Estate Note and Lien. These "Extensions" contained the following language on the very last paragraph of these same documents: "the other terms and conditions of the original note and liens to remain in full force and effect, except as otherwise provided for in this extension agreement." Neither of the Extensions changed any of the waiver provisions of the original note. The original note, the liens securing the same, and the Extensions must all be considered together in deciding this appeal. The Extensions were not new notes.

The plaintiffs in this case argue that the waiver provisions in the original note are not applicable with respect to notice of intent to accelerate since they were not specifically included in the provisions of the mortgage. We do not agree. The mortgage, being nothing more than a security instrument with power of sale upon default in the payment of the note or the occurrence of certain events could not in law be the subject of acceleration. Only the maturity of the note could in law be accelerated.

*Ogden,* supra, the only authority cited by plaintiffs in their brief as being supportive of their position in this appeal, does not control the disposition of this case. It is distinguishable from the instant case on the facts. In *Ogden,* the note did not contain a provision which *waived* notice of intent to accelerate the maturity of the note; here, there is such a waiver. The Supreme Court in both *Ogden* and *Allen Sales & Servicenter, Inc.,* supra, has held that notice of intent to accelerate is not required where the note contains a provision which waives such action.

We hold that because of the waiver provisions in the note, the Bank was not required to notify the plaintiffs prior to exercising its option to accelerate the maturity of the note of its intent to accelerate. Plaintiffs' point of error is overruled. Defendants' counterpoint is sustained.

The judgment of the trial court is AFFIRMED.