The GREENHOUSE PATIO APART-
MENTS and The Greenhouse 484,
Plaintiffs–Appellants,

v.

AETNA LIFE INSURANCE COMPANY,
Defendant, Appellee.

No. 88–2615.

United States Court of Appeals,
Fifth Circuit.

March 20, 1989.

Robert N. Brailas, Debora D. Ratliff, Houston, Tex., for plaintiffs-appellants.

Thomas R. Jackson, Blake A. Bailey, Dallas, Tex., for defendant, appellee.

Before GEE, HIGGINBOTHAM, and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Plaintiff-appellants are two Texas general partnerships, Greenhouse Patio Apartments (GPA) and the Greenhouse 484 (484) which is managing general partner of GPA. GPA owns a large apartment complex mortgaged to AEtna Life Insurance Company (defendant-appellee) as security for a $9.7 million non-recourse note. GPA and

484 brought this suit charging AEtna with usury and other related wrongs. On cross motions for summary judgment, the district court dismissed plaintiffs' claims and denied plaintiffs' motion for partial summary judgment. We affirm.

## I. FACTUAL SUMMARY

GPA defaulted in its monthly installments to AEtna in May 1985. AEtna notified GPA of its intent to foreclose to collect past due amounts and commenced foreclosure proceedings.

484 instituted Chapter 11 bankruptcy proceedings before the noticed foreclosure date. 484 holds a third lien on the apartment complex securing a $11.2 million note by GPA. AEtna halted the foreclosure proceedings and filed a motion in 484's bankruptcy for relief from stay to foreclose or for adequate protection. Following a hearing Bankruptcy Judge Leal eventually denied the motion for relief from stay and ordered monthly adequate protection payments to be made by 484.

During settlement negotiations about the motion, 484 advised AEtna of a $7.76 million loan commitment from MBank Houston which would allow it to repay the total principal of the note and other charges then due AEtna by GPA. AEtna was not satisfied with this offer and insisted on a prepayment premium to compensate for loss of future interest income since no right to prepay existed at that time. At the bankruptcy hearing, AEtna asserted its right to the default interest rate of 21.375%, rather than the 15.375% non-default rate.

484 and GPA filed this action claiming usury, breach of contract, tortious interference with contract, fraud, breach of fiduciary duty, and deceptive trade practices. The district court granted AEtna's motion for summary judgment dismissing all plaintiffs' claims and denied plaintiffs' motion for partial summary judgment on the issues of acceleration and usury. Plaintiffs appeal.

## II. ANALYSIS

The district court may appropriately render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This Court reviews the grant and denial of summary judgment motions by employing the same test that the trial court employs, viewing the record and inferences from the facts in the light most favorable to the non-movant. *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 714 (5th Cir.1985). Using this standard, we affirm.

Appellants' usury claim is that AEtna had no right to a prepayment penalty, so the request for such a premium could only be a charge of usurious interest. The claim is based on the premise that charging a prepayment obligation is wrongful if acceleration has occurred, under the principles enunciated in *In re LHD Realty*, 726 F.2d 327, 330 (7th Cir.1984). The claim fails, however, because acceleration did not occur in this case. The usury claim based on acceleration is properly dismissed.

### A. *Collateral estoppel*

Although Judge Leal found that acceleration occurred, AEtna is not collaterally estopped from defending appellants' claim that it accelerated the debt. Collateral estoppel applies only if (1) the issue is identical to one involved in prior litigation, (2) the issue was fully litigated, and (3) the determination of the issue was necessary and essential to the judgment in the earlier action. *Rufenacht v. Iowa Beef Processors*, 656 F.2d 198, 202 (5th Cir.Unit A 1981), *cert. denied*, 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982).

The issue of acceleration was not necessary and essential to the bankruptcy court's ruling on the stay-relief motion. The bankruptcy court denied the motion for relief from stay conditioned on the delivery to AEtna of monthly adequate protection payments. R. 476–77. The failure of either of the two statutory requirements for relief from stay of an act against property is grounds for the denial of a motion for

relief: (1) the debtor does not have an equity in the property; and (2) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

The question whether the property is necessary to an effective reorganization does not depend on acceleration. Once Judge Leal determined that the property was necessary to an effective reorganization, he could have denied stay-relief under Bankruptcy Code § 362(d)(2)(B). No further inquiry was necessary to deny the motion for relief under subsection (d)(2), because the requirements of § 362(d)(2) are conjunctive.

Neither does the alternative relief for adequate protection sought in the motion and granted by the bankruptcy court depend on acceleration. The need for adequate protection is determined by the amount of the creditor's "interest" in property—the entire amount of its secured debt—not the amount presently due or accelerated. *See* 11 U.S.C. §§ 361, 362(d)(1), and 506(a). Because acceleration was not essential to either the adequate protection order or the denial of stay-relief, AEtna is not estopped from showing it did not accelerate.

## B. *AEtna's conduct*

■ Appellants contend that even without collateral estoppel, the district court should have held that acceleration occurred as a matter of law. Under Texas law a holder of a promissory note desirous of exercising an option to accelerate must give notice to the debtor of the intent to exercise the option to accelerate. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex.1982). "In order to avail himself of this right of acceleration, the note holder must make a clear, positive, and unequivocal declaration in some manner of the exercise of that right." *Dillard v. Freeland*, 714 S.W.2d 378, 380 (Tex.Ct. App.1986).

The evidence presented to the district court established that AEtna did not intend to accelerate. AEtna's notice to GPA stated that it was foreclosing on installments then "due and payable" and specifically stated, "AEtna has not accelerated and is not accelerating the maturity of the Note...." (See "Debtors Exhibit 14" in Record Exhibits Folder III, appended to AEtna's Brief in Support).

The bankruptcy motion sought relief from the stay to allow AEtna to foreclose its security interest. R. 464–65. While the motion did not specify that the foreclosure was for past due installments only, the notice did. *In re LHD Realty*, 726 F.2d 327 (7th Cir.1984), does not govern this case. The creditor in *LHD* "established that it preferred ... accelerated payment over the opportunity to earn interest from the *LHD* loan over a period of years," by telling the court that there was no reasonable likelihood of rehabilitation, and by asking for foreclosure, dismissal of the reorganization proceeding, or conversion to a liquidation proceeding. 726 F.2d at 331. AEtna instead asked for relief from stay or adequate protection, consistent with a desire to receive interest payments from the loan over a period of years. Furthermore, the *LHD* court limited its holding, distinguishing a case such as this one wherein the lender is "suing only for overdue payments as they mature." 726 F.2d at 331.

AEtna did not manifest an intent to accelerate by seeking adequate protection for the full amount of debt rather than for the past due amounts only. Appellants misconstrue the request for adequate protection as a request for "economic compensation" in the full amount of the entire balance of principal and other charges. Secured creditors in bankruptcy proceedings are entitled to adequate protection of their entire "interest in property" (which protection may or may not involve cash payment or periodic cash payments). *See* 11 U.S.C. § 362(d)(2) and 361. A motion for adequate protection does not evince an unequivocal intent to demand immediate payment of the full outstanding balance of all charges. It merely reveals the secured creditor's desire to follow proper procedure in protecting its interest in a bankruptcy proceeding.

Similarly, AEtna's filing a proof of claim including the full amount of the principal

plus other charges does not show an intent to accelerate. Creditors who properly file a proof of claim in bankruptcy proceedings achieve certain protections, for example, under Bankruptcy Code § 502(a) and Bankruptcy Rules 3001 *et seq.* Under the Code, "claim" is defined to include any right to payment, whether or not the right is matured or unmatured (or even disputed). 11 U.S.C. § 101(4)(A). Thus a proof of claim should properly include unmatured obligations, and filing such a claim does not cause acceleration.

Despite testimony that a prepayment obligation was "due," AEtna's representative, Mr. Burton, explained carefully that AEtna was not presently "demanding" the full amounts owed. *See* R. 517, 520–21, 530–34, and 558; *see also* R. 576, 578. In view of these explicit statements, his testimony could not implicitly accelerate the note.

Appellants submitted summary judgment evidence that "Mr. Burton stated that, in his opinion, AEtna would require a substantial amount of money in addition to the full principal, interest and other legal charges before AEtna would release the AEtna note." R. 714. Further, appellants submit evidence that Mr. Burton told an affiant that AEtna would refuse settlement unless over $11.5 million were paid, and that AEtna believed that the additional money above the principal and interest was necessary to make AEtna "whole." R. 719. We disregard the bare allegation in the supplemental complaint that AEtna's representative advised that over $11.5 million was "then owed." R. 781. *See* Fed.R.Civ. P. 56(e).

No evidence was presented suggesting that AEtna was then demanding or accelerating the entire amount of the balance due under the note. AEtna's settlement response is consistent with the testimony at the bankruptcy hearing that AEtna desired a prepayment premium only if AEtna were compelled to accept prepayment. R. 573. Viewing the evidence in the light most favorable to appellants, we see that AEtna intended to enforce the note's prohibition against prepayment before 1990. It was 484 and GPA—not AEtna—who desired to pay before 1990. AEtna and Mr. Burton made it abundantly clear that AEtna did not intend to accelerate during settlement negotiations and the bankruptcy hearing.

Appellants also urge that the charging of the default interest rate on the entire outstanding balance rather than only the overdue amount effected acceleration or indicated prior acceleration. The note imposes the default interest rate on "all amounts then unpaid." R. 457. The note does not define "all amounts then unpaid," and the parties differ in their interpretation. AEtna's construction of the phrase to mean *all* unpaid amounts rather than *past due* unpaid amounts does not unequivocally evince acceleration, particularly in view of the many indications of AEtna's contrary intention not to accelerate.

## C. *No questions of fact*

Appellants make the alternative argument that at least an issue of fact regarding acceleration surrounds the question of AEtna's "intent" to accelerate—a key factor under *Ogden* in determining acceleration. *Ogden* requires both notice of intent to accelerate and notice that the debt has been accelerated. The district court was correct in concluding that AEtna's behavior was not in dispute, as AEtna does not deny any of the factual allegations made by appellants regarding its behavior. Therefore whether or not. its behavior manifests a positive, unequivocal declaration of the exercise of the option to accelerate is properly a question of law. The district court examined the undisputed facts and concluded that the actions were "clearly contrary to an 'unequivocal overt act manifesting an election' to accelerate." R. 40. We agree. Since no issue of fact remains with regard to acceleration, it was properly concluded as a matter of law that AEtna did not accelerate. Appellants' usury claim (that demanding a prepayment penalty after acceleration was usurious) was properly dismissed.

Appellants finally suggest that various fact issues exist with respect to the remaining claims other than usury, such as whether AEtna acted "in good faith and in a

reasonable and equitable manner." The district court considered AEtna's undisputed behavior and found it "eminently commercially reasonable." R. 41. We agree.

Furthermore, all the remaining claims depend on the premise that the prepayment penalty was wrongful because acceleration occurred. The contract claim is that AEtna breached its contract with GPA by charging "large amounts of money" (the prepayment penalty) above what was contractually owed. R. 786–87. The tortious interference claim presumes that AEtna's refusal to accept the $7.76 million payoff from the MBank commitment was wrongful because AEtna had no right to demand the "large amount of money … in excess of the amount lawfully owing." R. 787–88. The claims of breach of fiduciary duty to GPA and deceptive trade practices are based on the theory that AEtna wrongfully demanded payment above the amount lawfully owed. *See* R. 788–89, and 791. (Appellants do not appeal the dismissal of the claim for fraud.) Because AEtna's insistence on a prepayment penalty was not wrongful without acceleration, the claims are properly dismissed on summary judgment.

Because the claims depend on acceleration, any remaining issues of fact are not legally significant and therefore are not "material". Only genuine issues of material fact can preclude summary judgment. Fed.R.Civ.P. 56(c). Plaintiffs' motion for partial summary judgment was also properly denied.

The judgment of the district court is therefore

AFFIRMED.