239 S.W.3d 891 (2007)
Joy BURNEY, Appellant
v.
CITIGROUP GLOBAL MARKETS REALTY CORP., Appellee.
No. 05-06-01443-CV.
Court of Appeals of Texas, Dallas.
November 15, 2007.
*892 Kervyn B. Altaffer, Ericka S. Hightower, Legal Aid of North West Texas, and Paul D. Palmer, Legal Aid of North West Texas, Dallas, TX, for Appellant.
Michael J. McKleroy, Jr., Maris & Lanier, P.C., Dallas, TX, for Appellee.
Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

OPINION
Opinion by Justice WRIGHT.
Joy Burney appeals from the judgment of the trial court granting Citigroup Global Markets Realty Corporation's motion for summary judgment. In a single issue, Burney contends the trial court erred in allowing Citigroup to proceed with the foreclosure of Burney's property because the statute of limitations for such action had run. We sustain Burney's issue, reverse the trial court's judgment, and render judgment declaring that the statute of limitations has run, thereby barring Citigroup's foreclosure action.

Background
Burney executed a home equity note dated March 15, 1999 payable to Long Beach Mortgage Company in the principal amount of $42,250. The note was secured by a deed of trust. The deed of trust contained an acceleration clause that provided that upon default the lender will provide notice of the default, the action required to cure the default, a date, not less than thirty days from the date of the notice by which the default must be cured, and that failure to cure by the given date will result in acceleration of the note.
On March 24, 1999, Long Beach Mortgage assigned the note to Norwest Bank Minnesota, N.A. Burney did not pay any of her monthly installments. Accordingly, Norwest sent her a letter on October 18, 1999 informing her that:
If you fail to pay the total amount due on or before thirty (30) days from the date hereof, Creditor will accelerate amounts owed on your loan secured by the Deed of Trust, declare the entire balance of your loan due and payable without further demand and proceed to judicial foreclosure and sell the Property under the terms of the Deed of Trust and TEX. CONST. ART. XVI § 50(a)(6). In the event the Property secured by the Deed of Trust is not sold at judicial foreclosure for an amount sufficient to satisfy the entire unpaid balance of principal and accrued interest, Trustee's fees, attorney's fees, and expenses incurred in connection therewith, you may be liable for the deficiency.
Burney did not cure the default. On April 5, 2000, Norwest Bank filed an application for expedited foreclosure proceeding. In *893 the application, Norwest Bank sought a court order to sell the property under the deed of trust. This application was subsequently dismissed for want of prosecution. On October 21, 2004, Citigroup, as subsequent assignee of the loan, sent notice to Burney that it had accelerated the maturity of the debt. On November 15, 2004, Citigroup filed a home equity foreclosure application. Burney filed her lawsuit on April 14, 2005 seeking a declaratory judgment that the statute of limitations had run on any attempted foreclosure on her property. In light of Burney's lawsuit, Citigroup's foreclosure application was dismissed. Citigroup filed a counterclaim for foreclosure. Both sides moved for summary judgment. The trial court granted Citigroup's motion for summary judgment and ordered that Citigroup be permitted to proceed with foreclosure of Burney's property. This appeal timely followed.

Standard of Review
The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Nixon, 690 S.W.2d at 548-49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Id.
When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. City of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. Id. The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. Id.

Accrual of Statute of Limitations
In a single issue, Burney contends the trial court erred in allowing Citigroup to proceed with the foreclosure because the statute of limitations on such a claim had expired. Specifically, Burney contends the limitations period began running on April 4, 2000, when Norwest accelerated the note by filing the expedited application for foreclosure. Thus, argues Burney, Citigroup's attempted foreclosure more than four years later was beyond the statute of limitations period.
A four-year statute of limitation applies to a suit to recover real property under a real property lien or foreclose on a real property lien. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (Vernon 2002). A cause of action accrues and the statute of limitations begins to run from an installment note's maturity date or the date of acceleration. TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(e) (Vernon 2002); Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 569 (Tex.2001). Acceleration of a note requires both a notice of intent to accelerate and notice of acceleration. Wolf, 44 S.W.3d at 566. Both notices must be clear and unequivocal. Id.
Both Burney and Citigroup agree that the October 18, 1999 letter from Norwest Bank to Burney constituted notice of intent to accelerate the note. They disagree, however, as to notice of acceleration. Burney contends that Norwest Bank provided notice of acceleration when it filed the expedited application for foreclosure on April 5, 2000. Citigroup counters that document failed to provide the requisite *894 unequivocal notice of acceleration. Instead, Citigroup contends that it first provided the notice of acceleration on November 15, 2004 when it filed its home equity foreclosure application.
To support her position, Burney relies on language from Joy Corp. v. Nob Hill Properties, Ltd., 543 S.W.2d 691, 694 (Tex. Civ.App.-Tyler 1976, no writ). Joy Corp. involved an optional acceleration clause similar to the one involved in this case. The court stated that when the right to accelerate is optional, the lender must make formal demand for the late payment, provide an opportunity to cure the default, and declare the entire debt due, or take some unequivocal action, such as filing suit, which indicates the entire debt is due. Id. at 694. When Nob Hill Properties missed an installment payment, Joy Corp. sent a letter stating that the note was in default. Nob Hill was willing and able to cure the default. It made numerous attempts to determine the amount of the default, but Joy Corp. refused to inform it of the amount needed to cure the default. Joy Corp. subsequently posted the property for sale. Nob Hill obtained a permanent injunction from the trial court preventing the sale. Id. at 695. The court held acceleration never occurred because Joy Corp. did not give Nob Hill the required opportunity to cure the default. Id. at 695.
Although the decision in Joy Corp. did not turn on the language relied upon by Burney, the supreme court subsequently acknowledged the Joy Corp. language. See Wolf, 44 S.W.3d at 569-70. In Wolf, the lender provided both notice of intent to accelerate and notice of acceleration. The church argued that the lender was also required to take steps toward foreclosing on the property. Id. at 569. The supreme court disagreed. It disapproved of cases requiring affirmative action toward foreclosure in addition to notice of intent to accelerate and notice of acceleration to trigger acceleration of a note. In so doing, the supreme court provided a cf. cite to Joy Corp. with the notation "holding acceleration may be accomplished by either declaring entire debt due or taking some other unequivocal action indicating debt is accelerated." Id. at 569-70 (emphasis in original).
We find instructive cases involving non-judicial foreclosures that hold that a notice of a trustee's sale is sufficient to constitute notice of acceleration if preceded by the required notice of intent to accelerate. See Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship, 980 S.W.2d 916, 918-19 (Tex.App.-Fort Worth 1998, pet. denied); McLemore v. Pacific Southwest Bank, 872 S.W.2d 286, 292 (Tex. App.-Texarkana 1994, writ dism'd by agr.). In McLemore, the lender sent McLemore proper notice of its intent to accelerate if he did not pay the default amount by a certain date. McLemore, 872 S.W.2d at 291. When McLemore failed to pay the amount due, the lender sent a notice of trustee's sale and subsequently sold the property. On appeal, McLemore argued that the lender never provided notice of acceleration. Id. The court of appeals disagreed.[1] It held that "we may reasonably infer that a notice of intent to accelerate followed by a notice of trustee's sale constitutes a notice of acceleration." Id. at 292.
*895 In Meadowbrook Gardens, the lender sent its notice of intent to accelerate and a subsequent notice of foreclosure sale. Meadowbrook Gardens, 980 S.W.2d at 918. Meadowbrook asserted on appeal that the notice of foreclosure sale did not constitute a notice of acceleration. Relying on McLemore, the Fort Worth court held the notice of intent to accelerate coupled with the notice of foreclosure sale amounted to notice of acceleration. Id. at 919.
After reviewing the above cases, we hold that notice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration. We turn now to the summary judgment evidence before the trial court.
The summary judgment evidence included Burney's affidavit. In her affidavit, Burney acknowledged that she received both the October 19, 1999 letter and notice of the filing of Norwest Bank's application for expedited foreclosure in the mail. The October letter constituted notice of intent to accelerate. Notice of the filing of the April 5, 2000 application for expedited foreclosure constituted notice of acceleration. Thus, the payment of the loan amount was accelerated on April 5, 2000, thereby triggering the running of the four-year statute of limitations. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(e) (Vernon 2002); Wolf, 44 S.W.3d at 569. Accordingly, the application for expedited foreclosure filed by Citigroup on November 15, 2004 was outside of the limitations period. We sustain Burney's sole issue.
We reverse the trial court's judgment. We render judgment for Burney on her declaratory judgment claim that Citigroup's foreclosure action is barred by the statute of limitations.
NOTES
[1] The court of appeals did note that the supreme court had declined to decide this question. See Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232, 234 (Tex.1982). In Ogden, the supreme court noted that it need not decide whether, after proper notice of intent to accelerate, a notice of trustee's sale suffices as notice of acceleration because the lender never provided the requisite notice of intent to accelerate. Id.