IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00234-CV

 

EMC Mortgage Corporation,

                                                                                    Appellant

 v.

 

Window Box Association, Inc.,

                                                                                    Appellee

 

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2006-4201-5

 



Opinion



 

            EMC Mortgage Corporation sought to foreclose on certain property
owned by Window Box Association, Inc.  Window Box sued EMC seeking a temporary
restraining order, a temporary injunction, and a declaratory judgment that
EMC’s lien on the property is invalid.  The parties filed competing motions for
summary judgment.  Window Box argued that the statute of limitations barred
EMC’s right to foreclosure.  The trial court granted Window Box’s motion and
dismissed the suit.

On appeal, EMC challenges: (1) the granting of Window
Box’s motion for summary judgment and the denial of EMC’s motion (two issues);
(2) whether foreclosure is barred by the statute of limitations; (3) Window Box’s
standing to assert a statute of limitations defense; (4) the granting of a
permanent injunction in Window Box’s favor; and (5) the trial court’s award of attorneys
fees to Window Box.  In one cross-point, Window Box challenges the granting of EMC’s
motion for leave to amend its counterclaim.  We reverse and remand.

FACTUAL BACKGROUND

 

            Dolores Vande Veegaete purchased a condominium secured by a note and
deed of trust.  Vande Veegaete died in August 2001.  No further payments were
made on the note.  The note holder, Liberty Lending Services, sent a notice of
default and intent to accelerate in December 2001.  That same month, Window Box
filed a notice of lien based on unpaid dues.[1]  In
January 2002, Liberty sent a letter to Vande Veegaete’s estate stating that the
mortgage was in default and had been placed with an attorney “for the purpose
of initiating a foreclosure action.”  Window Box posted a notice of trustee’s
sale in May 2002 and foreclosed in June 2002, purchasing the property for
$6,059.  Liberty hired a debt collection agency, which sent a notice of
representation for collection in August 2002.  At some point, EMC became holder
of the note and deed of trust.

In February 2003, EMC filed suit seeking judicial
foreclosure, but dismissed its claims without prejudice in November 2005.  In
June, August, and November 2006, EMC sent notices to Vande Veegaete’s estate. 
EMC posted a notice of trustee’s sale in November 2006.  Window Box subsequently
filed suit.

Standing

            In EMC’s fourth issue, it contends
that Window Box lacks standing to assert a statute of limitations defense.

Standing is a necessary component of subject
matter jurisdiction and involves the court’s power to hear a case.  McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 231 (Tex. 2001);
Walston v. Lockhart, 62 S.W.3d 257, 259 (Tex. App.—Waco
2001, pet. denied).  A question of subject matter jurisdiction is
fundamental and may be raised at any time.  See In re B.L.D., 113 S.W.3d 340, 350 (Tex. 2003);
Walston, 63 S.W.3d at 259.  Subject
matter jurisdiction is a question of law subject to de novo review.  See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

            EMC asserts that, as junior
lienholder, Window Box lacks standing to assert a statute of limitations
defense because: (1) its lien is subordinate to EMC’s lien; (2) it has an
equitable right to surplus funds; (3) Vande Veegaete’s statute of limitations
defense does not run with the land; and (4) its ownership status provides no
additional rights because it acquired the property before the maturity date. 
Window Box responds that it is no longer merely a junior lienholder, but is the
owner of the property and is entitled to rely on the statute of limitations.

To establish standing, an individual must
“demonstrate a particularized interest in a conflict distinct from that sustained
by the public at large.”  S. Tex.
Water Auth. v. Lomas, 223 S.W.3d
304, 307 (Tex. 2007).  “As a general
rule, only the mortgagor
or a party who is in privity
with the mortgagor
has standing to contest the validity
of a foreclosure sale
pursuant to the mortgagor’s
deed of trust.”  Goswami v. Metro.
Sav. & Loan Asso., 751 S.W.2d
487, 489 (Tex. 1988).  “However,
when the third party has a property interest, whether legal or equitable, that
will be affected by such a sale, the third party has standing to challenge such
a sale to the extent that its rights will be affected by the sale.”  Id.

Window Box possessed an interest in the property
that would be affected by a foreclosure sale.  If an affected third party has
standing to challenge a foreclosure sale, it follows that the party may also assert
any applicable defenses in challenging the sale.  We cannot say that Window Box
lacks standing to assert a statute of limitations defense.  We overrule EMC’s
fourth issue.

SUMMARY JUDGMENT

            EMC’s first and second issues
challenge the granting of Window Box’s motion for summary judgment and the
denial of its own motion.

Standard of Review

 We review a trial court’s summary judgment de
novo.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003).  In reviewing a summary judgment, we must consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of
all of the evidence presented.  See Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart Stores, Inc.
v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); City of Keller
v. Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005)).  We must consider all the
evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the motion.  See Goodyear Tire, 236 S.W.3d at 756 (citing Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); Spates, 186
S.W.3d at 568).

When competing motions
for summary judgment are filed and some are granted while others denied, the
general rule is that an appellate court should determine all questions presented
and render the judgment the trial court should have rendered.  Tex. Workers’ Comp. Comm’n v. Patient Advocates of Tex., 136 S.W.3d 643, 648
(Tex.2004); Am. Hous. Found. v. Brazos County Appraisal Dist., 166
S.W.3d 885, 887 (Tex. App.—Waco 2005, pet. denied).  However, an appellate
court may reverse and remand if resolution of the pertinent issues rests in
disputed facts or if the parties' motions are premised on different grounds.  See
Sarandos v. Blanton, 25 S.W.3d 811, 814 & n. 5 (Tex. App.—Waco 2000,
pet. denied).

 Statute of Limitations

In its third issue, EMC contends that summary
judgment in favor of Window Box was improper because foreclosure is not barred
by the statute of limitations.

If a series of notes or obligations or a note or
obligation payable in installments is secured by a real property lien, the
four-year limitations period does not begin to run until the maturity date of
the last note, obligation, or installment.  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(e) (Vernon 2002).  Although the note and
deed of trust specify a maturity date of January 1, 2017, Window Box argues
that accrual was accelerated.

Accrual may be accelerated where: (1) “a note or deed of trust secured by real property
contains an optional acceleration clause”; and (2) “the holder actually
exercises its option to accelerate” by sending both a notice of intent to
accelerate and a notice of acceleration.  Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d
562, 566 (Tex. 2001).   Both
notices must be “clear and unequivocal.”  Id.  “[A]bsent evidence of
abandonment or a contrary agreement between the parties, a clear and
unequivocal notice of intent to accelerate and a notice of acceleration is
enough to conclusively establish acceleration and therefore accrual.”  Id. at 565.  “While accrual is a legal question, whether a holder has accelerated a
note is a fact question.”  Id. at 568.

The parties agree that the deed of trust contains
an option to accelerate, but dispute whether EMC exercised that option.  Window
Box argues that the option was exercised because: (1) the December 2001 letter
constitutes notice of intent to accelerate and the August 2002 debt collection
letter constitutes notice of acceleration; and (2) the August 2002 letter
combined with events that occurred both before and after the letter was sent illustrates
acceleration.

EMC does not dispute that the December 2001 letter
constitutes a notice of intent to accelerate, but contends that the August 2002
letter was sent pursuant to section 1692g of the Fair Debt Collection Practices
Act and does not constitute notice of acceleration.  The August 2002 letter
states in pertinent part:

This letter is sent to advise you that this matter
has been referred to us for collection by LIBERTY SAVINGS BANK, FSB, the Owner
and Holder of the above-referenced Note and Deed of Trust.  This letter is also
sent to provide the notice required by the federal Fair Debt Collection
Practices Act to be given in a debt collector’s initial communications with a
debtor.

 

Demand is made only as to those who are obligated
to make payments under the terms of the Note or Deed of Trust and demand is not
made as to anyone who has been released or discharged from such obligations. 
As you know, the Note is seriously in default.  We have been advised that the
principal balance on the debt is $41,432.28, plus interest accruing from the
date of default, late charges, expenses of collection and legal fees.  The debt
is owed to the Creditor; and unless you, within 30 days after receipt of this
notice, (the “Thirty-Day Period”) dispute the validity of the debt, or any
portion thereof, the debt will be assumed to be valid by this firm.  If we are
notified in writing within such Thirty-Day Period that the debt, or any portion
thereof, is disputed, verification of the amount of the debt as well as the
name and address of the original creditor, if different from the current
creditor will be provided to you.

 

Please be advised that further correspondence from
this office will soon be forthcoming. However, under no circumstances will any
such correspondence shorten, lengthen or otherwise affect the Thirty-Day Period
or have any affect whatsoever on your rights as described in the preceding
paragraph.

 

This firm is attempting to collect a debt and any
information obtained will be used for that purpose…

 

This letter satisfies the requirements of section
1692g.[2]  See
15 USCS § 1692g(a) (LexisNexis Supp.
2008).

A proper
notice of acceleration “in the
absence of a contrary agreement or waiver, cuts off the debtor’s right to cure his default and gives notice that the
entire debt is due and
payable.” 
Ogden v. Gibraltar Sav. Asso., 640 S.W.2d 232, 234 (Tex. 1982) (emphasis
added).  Such an advisement conclusively establishes acceleration.  See Wolf,
44 S.W.3d at 565.  The purpose of a 1692g letter is to
advise the debtor of the “right to seek validation of the debt and dispute the validity of the debt.”  Eads v. Wolpoff & Abramson, LLP, 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008).  Advising
the debtor of these rights is not tantamount to advising the debtor that the
entire debt is immediately due and payable.  Otherwise, there would be no need
to warn creditors against including language in the notice that contradicts or
overshadows the debtor’s validation rights.  See Miller v. Payco-General Am.
Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991) (“in order to be effective, ‘the [validation] notice must not be overshadowed or contradicted
by other messages
or notices appearing
in the initial communication
from the collection agency’”) (quoting
Swanson v. S. Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988)).

At most, the August 2002 letter could be construed
as a notice of intent to accelerate.  It does not clearly and unequivocally
advise the debtor that the debt is immediately due and payable.  See Wolf,
44 S.W.3d at 566; see also Ogden, 640 S.W.2d at 234.  It is not a proper notice of acceleration.  See Ogden, 640 S.W.2d at 234.

Window Box also urges us to consider the totality
of the circumstances to determine whether acceleration occurred.[3] 
We decline to do so.  The question is whether EMC exercised its option to
accelerate by sending a “clear and
unequivocal” notice of acceleration.  See
Wolf, 44 S.W.3d at 566.  This is the proper
test.  

Accordingly, EMC has raised a fact issue as to
whether it provided notice of acceleration sufficient to accelerate the accrual
date.  Summary judgment in favor of Window Box was improper.  Because we so
hold, we need not address EMC’s remaining issues or Window Box’s cross-point.  See
Tex. R. App. P. 47.1.  The trial
court’s judgment is reversed and this cause is remanded for further proceedings
consistent with this opinion.

 

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs in the judgment.  A
separate opinion will not issue.)

Reversed and remanded 

Opinion delivered and
filed July 9, 2008 

[CV06]









[1]               Window Box is the homeowner’s
association for the condominium complex.  





[2]           A 1692g notice must state: (1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed; (3) a statement that
unless the consumer, within thirty days after receipt of the notice, disputes
the validity of the debt, or any portion thereof, the debt will be assumed to
be valid by the debt collector; (4) a statement that if the consumer notifies
the debt collector in writing within the thirty-day period that the debt, or
any portion thereof, is disputed, the debt collector will obtain verification
of the debt or a copy of a judgment against the consumer and a copy of such
verification or judgment will be mailed to the consumer by the debt collector;
and (5) a statement that, upon the consumer’s written request within the
thirty-day period, the debt collector will provide the consumer with the name
and address of the original creditor, if different from the current creditor.  15 USCS § 1692g(a) (LexisNexis
Supp. 2008).    

 





[3]               Window Box’s totality of the
circumstances argument is based on the January 2002 letter advising the debtor
that the mortgage had been placed with an attorney “for the purpose of
initiating a foreclosure action,” the August 2002 letter, and EMC’s February
2003 suit for judicial foreclosure.