**Billy D. PARKER, Appellant,**

v.

**Frank HAWKINS and Jem Petroleum, Corporation, Appellees.**

**No. 13–83–175–CV.**

Court of Appeals of Texas, Corpus Christi.

March 8, 1984.

Houston C. Munson, Jr., Gonzales, for appellant.

W.T. Miller, Miller, Miller & Robinson, Gonzales, for appellees.

Before GONZALEZ, BISSETT and KENNEDY, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a take nothing judgment in a suit on an oral contract. Appellant sued appellees when they failed to pay him commissions for assistance in obtaining oil and gas leases. Trial was to the court without a jury. No findings of fact or conclusions of law were requested or filed. We affirm.

Billy D. Parker, a farmer and rancher, alleged in his petition against Frank Hawkins and JEM Petroleum Corporation that in the summer of 1981, Hawkins, representing JEM, retained him to aid in securing various oil and gas leases in Gonzales and Caldwell counties. Parker alleged that Hawkins orally agreed to pay him $5.00 per acre for a total amount due of $8,505.29. No claim for recovery under the theory of quantum meruit was made.

JEM filed a general denial and expressly denied that it had authorized Hawkins to hire Parker or anyone else in securing the leases.

Hawkins filed a general denial and expressly denied that he had retained Parker. Hawkins also pled the statute of frauds.

The trial court decreed that Parker take nothing by his suit.

### * * * ISSUES ON APPEAL * * *

Parker in three points of error, alleges: (1) that the trial court erred in applying the statute of frauds; (2) that even if the statute of frauds was applicable, the court erred in failing to apply the doctrine of promissory estoppel to remove the case from the effects of the statute; and (3) that the trial court erred in failing to rule that the protection of the statute was waived when the defendants failed to object to testimony offered to show an oral agreement.

This case clearly demonstrates the heavy burden an appellant bears when he fails to request findings of fact and conclusions of law, then nevertheless seeks reversal on appeal. Without benefit of findings of fact and conclusions of law, this Court is unable to determine what statute, if any, the trial court applied; neither are we able to determine the basis of the trial court's decision and we must affirm the judgment on any theory supported by the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962); *Jones v. Jones,* 641 S.W.2d 342 (Tex.App.—Corpus Christi 1982, no writ); *McDaniel v. Carruth,* 637 S.W.2d 498, 504 (Tex.App.—Corpus Christi 1982, no writ).

In the instant case, plaintiff argued that his oral agreement was a contract for personal services, not commissions, and, therefore, not within the purview of § 26.01(b)(1) of the statute of frauds. *See* Tex.Bus. & Com.Code § 26.01(a) & (b)(7) (Vernon 1968 & Supp.1982–83). We need not decide whether the distinction exists; neither need we decide whether the statute applies at all, for the take nothing judgment may be affirmed on a theory supported by the evidence.

Regardless of whether the statute was applied, it was incumbent upon the plaintiff to prove his contract by a preponderance of the evidence. Parker testified that he and Hawkins agreed that he was to be paid $5.00 per acre for assisting Hawkins in securing the leases. Parker also introduced numerous depositions from landowners to show that they leased to Hawkins (JEM) after being contacted by Parker.

Hawkins denied making the agreement and said that it never crossed his mind that Parker might want to be reimbursed, and that he "figured he was just a good neighbor and wanted to help his neighbors out by getting leases on their land."

In a nonjury case, the trial court, as factfinder, is the judge of the credibility of witnesses and of the weight to be given to their testimony. The court has the power to believe or disbelieve all or part of a witness' testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345 (1948); *McDaniel v. Carruth,* 637 S.W.2d 498, 504 (Tex.App.—Corpus Christi 1982, no writ).

In the instant case, the judgment of the trial court can be sustained on the theory that whether the statute of frauds was inapplicable or merely waived, Parker failed to prove a contract by a preponderance of the evidence. That theory is supported by the record, for as trier of fact, the trial court was entitled to accept Hawkins' testimony and reject that of Parker and all others.

The judgment of the trial court is AFFIRMED.