

NUMBER 13-13-00297-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

THE WILLIAM J. SCHNABEL
REVOCABLE LIVING TRUST,                                                Appellant,

v.

REBECCA H. LOREDO, INDIVIDUALLY
AND D/B/A LOREDO CONSTRUCTION
COMPANY,                                                                       Appellee.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Chief Justice Valdez

Appellant, The William J. Schnabel Revocable Living Trust, appeals from the trial

court's judgment in favor of appellee, Rebecca H. Loredo, individually, and D/B/A Loredo

Construction (collectively "Loredo"). By three issues, appellant contends that: (1) the

proper procedure occurred in order to foreclose Loredo's real property; (2) appellant gave

Loredo oral notice of an intent to accelerate the mortgage; and (3) the evidence does not support the trial court's finding of routine acceptance of late payment. We affirm.

## I. PERTINENT FACTS

On October 16, 2006, Loredo filed suit against appellant, alleging that a foreclosure of real property was improper because, among other things, appellant failed to provide notice to her of a default and the time within which the default must be cured. Loredo also alleged that she was not provided notice of appellant's intent to accelerate. Loredo sued appellant for wrongful foreclosure, unfair debt collection, deceptive trade practices, intentional infliction of mental distress, and "breach of common law duty to perform with care, skill, and expedience and negligence." Loredo sought pecuniary damages, mental anguish, costs, reasonable attorney's fees, enhanced damages, punitive damages, pre-judgment interest, and equitable relief rescinding the purported foreclosure and sale of her property.

The evidence at trial showed that Loredo purchased a parcel of land from appellant in the amount of $14,600 and that Loredo signed a note and a deed of trust in favor of appellant on September 10, 2004. Loredo agreed to pay appellant 120 monthly installments of $209.47. Subsequently, Loredo constructed a house on the property that she intended to sell to third parties who are not subject to this appeal.[1] Loredo testified that she spent approximately $41,400 in constructing the house. Loredo testified that Schnabel had agreed that she would pay off the entire amount of the note in December when the closing on the property was supposed to have occurred. The prospective

---

[1] Loredo testified that these third parties had initially been approved for a loan, but after she had almost completed construction of the house, the mortgage company informed the third parties they were required to make a down payment in order to qualify. The third parties were unable to do so. Loredo stopped construction on the home in December 2004.

purchasers were denied the loan, and Loredo was unable to pay the entire amount in December.

In January 2005, Loredo gave Schnabel $750 for the months of October through December of 2004. Loredo testified that at that time, Schnabel did not tell her she needed to make the monthly payments. Loredo stated that when she informed Schnabel that the intended purchasers could not acquire a loan to purchase the property, Schnabel told her to "take [her] time" because he knew that she would sell the property and then pay him off at the closing. Eventually, Loredo attempted to sell the house by, among other things, placing a for sale sign on the yard.

On July 11, 2005, appellant's attorney sent notice to Loredo that a foreclosure sale was scheduled on August 2, 2005. The letter indicated that Loredo could only prevent the foreclosure by tendering $14,600 in principal plus all unpaid interest. Loredo testified that she was out of town when the letter was sent. The property was foreclosed.

Loredo returned to town on "[a]bout July 31," however, she did not check her post office box at that time. Loredo stated that a few days later when she went to the house, she discovered that the locks had been changed and David Gonzalez, Schnabel's former salesperson, told her "I am sorry this is not your house anymore." According to Loredo, she then contacted Schnabel by telephone, and he told her to pick up some paperwork at his attorney's office. Schnabel's attorney gave Loredo copies of a letter dated July 11, 2005 informing her of the foreclosure sale taking place on August 2, 2005. Loredo discovered from the letter that the house had already been sold in foreclosure.

Loredo stated that she called Schnabel once more, and he invited her to his home. Loredo testified that when she arrived Schnabel told her that in order to resolve the matter, Loredo could tender to him $16,379.57. Loredo testified that Schnabel gave her two days

to acquire the money. Loredo stated that she borrowed $11,000 from a friend, and she had the difference in her bank account. According to Loredo, she went to visit Schnabel once more, and she offered the money to him, and he told her to "get away" from his house, "it's your loss, I am not willing to deal anymore."[2] Loredo testified that she felt bad about losing all of the money she had invested in building the house and that she went "through a lot of depression, anxiety, nerves" to the point that she sought medical treatment. Appellant later sold the property to a third party for $65,000.

At trial, evidence was presented that appellant failed to provide written notice to Loredo of the default, the time in which to cure, and of appellant's intent to accelerate. Schnabel judicially admitted that he failed to provide written notice to Loredo of the default, and at trial, Schnabel agreed that he did not give Loredo an opportunity to cure the default. Schnabel claimed that Loredo had failed to tender the monthly payments of $209.47 for several months and that he had orally warned her that if she did not make up the payments, he would foreclose on the property.

After the final witness testified, the judge stated:

> All right. There is [sic] legal issues here that I am concerned about. Some of the issues have to do with the equity as well as remedies at law. And I think I have a pretty good idea of what the facts are and having heard the testimony I really don't need a recap of that.
>
> What I would like is for you-all to give me written final argument together with briefs of law that you want me to look at concerning the various issues that we have.
>
> And I'll give you time to do that.

---

[2] Schnabel denied that he told Loredo that he would accept any payment after the foreclosure occurred.

On February 4, 2013, the trial court entered a final judgment in favor of Loredo awarding her $43,094.95 in damages and $10,000 in attorney's fees. This appeal ensued.

## II.  WAIVER OF NOTICE

By its first issue, appellant complains that the note and deed of trust contain an effective waiver of a notice of acceleration. Thus, appellant argues that it was not required to provide appellee any notice of its intent to accelerate. We must construe the contract's language in order to determine whether there is a valid waiver.[3]

In this case, the real estate lien note states in pertinent part,

> If Maker defaults in the payment of this note or in performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance and earned interest on this note immediately due and payable. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

The deed of trust states, in pertinent part,

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may . . . declare the unpaid balance and earned interest on the note immediately due.

---

[3] In *Coker*, the Texas Supreme Court explained our review of contracts as follows:

> In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.

*Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (internal citations omitted).

In addition to claiming that the foreclosure was improper because appellant failed to provide notice of its intent to accelerate, Loredo claimed that the foreclosure was improper because she was entitled to notice of the default and the time within which it must be cured and that appellant failed to provide it before accelerating.

"In Texas, notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987) (citing *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex. 1975)). Proper notice includes: (1) notice of intent to accelerate; and (2) notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Both notices must be clear and unequivocal." *Id.* (citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

The party may waive such notices. *Shumway*, 801 S.W.2d at 893. "In the absence of a waiver, the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate." *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) (citing *Lockwood v. Lisby*, 476 S.W.2d 871 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.); *Jernigan v. O'Brien*, 303 S.W.2d 515 (Tex. Civ. App.—Austin 1957, no writ); *Parker v. Mazur*, 13 S.W.2d 174 (Tex. Civ. App.—San Antonio 1928, writ dism'd)). "In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale." *Id.* "If, after such notice, the mortgagor fails to remedy the breach, then the mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust." *Id.*

Here, the note includes language indicating that Loredo has waived her right to notice, of among other things, acceleration and intent to accelerate. It stated, "Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protests, and notices of protest, to the extent permitted by law." However, immediately preceding the waiver, the note stated, that if Loredo defaulted in the payment of the note and *"the default continue[d] after [appellant gave Loredo] notice of the default and the time within which it must be cured*, as may be required by law or by written agreement, *then* [appellant] *may [have] declare[d] the unpaid principal balance and earned interest on this note immediately due and payable*." (Emphasis added.) In addition, the deed of trust states, in relevant part, that if Loredo defaulted on the note and her "*default continue[d] after [appellant gave her] notice of the default and the time within which it must be cured*, as may be required by law or by written agreement, *then* [appellant could have]" accelerated. (Emphasis added.)

Appellant argues Loredo was entitled to notice only if it was required by law or by written agreement and that no law or written agreement exists giving Loredo such a right. We disagree with appellant.

The clause indicating that notice of default and the time within which it must be cured is contradictory to the waiver language. Moreover, with a valid waiver, the language indicating that notice of default and the time within which to cure would have been unnecessary. This clause states that acceleration may only follow a notice of default to Loredo, but then indicates that Loredo is waiving any notice by stating that the Maker, Loredo, is waiving "all demands for payment, presentations for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protests, and notices

7

of protest, to the extent permitted by law."[4]  Thus, first, the lien gives Loredo a right to notice of default and time in which to cure before acceleration may occur, but then claims that Loredo has waived notice of all of the above-mentioned acts, which would include notice of default and time in which to cure.

Appellant argues that "as may be required by law or written agreement" clears up any ambiguity in or contradictions between the sentence requiring notice of default prior to any acceleration and the sentence purportedly waiving such a right.  We disagree.  "As required by law or written agreement" does not clarify that Loredo is waiving the right to notice of default and time in which to cure prior to acceleration.  We are unable to determine the meaning of this phrase.  *See Universal C. I. T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (1951) ("[I]f after applying established rules of interpretation to the contract it remains reasonably susceptible to more than one meaning it is ambiguous, but if only one reasonable meaning clearly emerges it is not ambiguous.").

Therefore, because there is a reasonable doubt as to the meaning of "as may be required by law or written agreement," we conclude that the waiver of notice of intent to accelerate is not clear and unequivocal.[5]  *Holy Cross Church of God in Christ*, 44 S.W.3d at 566; *Mathis v. DCR Mortg. III Sub I, L.L.C.*, 389 S.W.3d 494, 507 (Tex. App.—El Paso 2012, no pet.) (construing the deed of trust with the note and finding that the waiver was not unequivocal after recognizing that, "[i]f a reasonable doubt exists as to the meaning of terms used in an acceleration clause, preference should be given to that construction

---

[4] We construe appellant's argument as contending that Loredo has waived notice of default, time to cure, intent to accelerate, and acceleration.

[5] Moreover, if a contract contains an ambiguity, the interpretation of the instrument becomes a fact issue.  *Coker*, 650 S.W.2d at 394.  Thus, as the finder of fact, the trial court was able to interpret the contract as not containing a valid waiver.  *See id.*

which will avoid forfeiture and prevent acceleration of maturity"); *see also Dolci v. Askew*, No. 04–95–00867–CV, 1997 WL 428560, at *2 (Tex. App.—San Antonio, July 30, 1997, no pet.) (mem. op.) (concluding that language identical to the language included in the note and deed of trust in this case was not clear and unequivocal and stating "Although it is clear that the presence of waiver language in the Note would ordinarily be sufficient even though it was not contained in the Deed of Trust, and though the waiver clause in the Note, when read in a vacuum, is sufficiently clear, when the Note is read as a whole, we cannot agree that the waiver is clear and unequivocal."). This is so because according to the contract, Loredo is entitled to a notice of default prior to any acceleration. And here, Loredo was not given any notice of default prior to the acceleration.

Moreover, Loredo invoked the doctrine of equity as a basis for the trial court to rule in her favor, and the trial court indicated that it was concerned about issues having "to do with the equity as well as remedies at law." *See McGowan v. Pasol*, 605 S.W.2d 728, 732 (Tex. Civ. App.—Corpus Christi 1980, no writ) ("Exercise of the power of acceleration is a harsh remedy which deserves close scrutiny. Loss of the right to accelerate may result from inconsistent or inequitable conduct on the part of the holder of a promissory note."); *Winton v. Daves*, 614 S.W.2d 464, 468 (Tex. Civ. App.—Waco 1981, no writ) ("Equity may grant relief against acceleration of the maturity of a promissory note 'when it is procured by inequitable conduct of the creditor himself.'"). Appellant has not challenged this possible ground for the judgment. *See Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied) (providing that an appellant must challenge each independent ground that may support an adverse ruling); *Inscore v. Karnes County Sav. & Loan Ass'n*, 787 S.W.2d 183, 184 (Tex. App.—Corpus Christi 1990, no writ) ("Where a judgment may rest upon more than one ground, the party aggrieved by the

9

judgment must assign error to each ground or the trial court's judgment will be affirmed on the ground to which no error was assigned. In such situations, it is said that appellants have waived their right to complain of the ruling to which no error was assigned."). We are not allowed to make appellant's arguments. *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."). Therefore, we are unable to reverse the judgment on the ground that the trial court erroneously relied on the theory of equity. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("The courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.") (citing *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990)); *Ft. Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991) (stating that the appellant could not challenge a trial court's general judgment notwithstanding the verdict on grounds that the appellant did not advance in his brief to the court of appeals); *Garcia v. Barreiro*, 115 S.W.3d 271, 273 n.2 (Tex. App.—Corpus Christi 2003, no pet.) (concluding that the appellants waived their requests for the reversal of the trial court's orders granting the appellees' motions for summary judgment and the trial court's order denying appellants' motion for new trial because they failed to raise points of error or assert arguments concerning those issues).

Therefore, because there was no unequivocal waiver of notice and because an alternative basis exists for the trial court's judgment, and appellant has not challenged that basis on appeal, we must affirm the judgment. *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied) ("When a separate and

independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm."). We overrule appellant's first issue.[6]

### III. ORAL NOTICE

By its second issue, appellant contends that Schnabel gave Loredo oral notice of his intent to accelerate. Thus, appellant argues it complied with the notice requirements.

Although Schnabel testified that he gave Loredo oral notice of his intent to accelerate the note, Loredo testified that he did not. The trial court as the finder of fact was free to disbelieve Schnabel's testimony and believe Loredo's testimony. *See Parker v. Hawkins*, 668 S.W.2d 444, 445 (Tex. App.—Corpus Christi 1984, no writ) ("In a nonjury case, the trial court, as factfinder, is the judge of the credibility of witnesses and of the weight to be given to their testimony. The court has the power to believe or disbelieve all or part of a witness' testimony.") (citations omitted). And, as previously stated, we must affirm the judgment on the basis that the trial court applied equity to the circumstances in this case. We overrule appellant's second issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
14th day of August, 2014.

---

[6] We need not address appellant's third issue contending that the trial court erroneously ruled in favor of Loredo on the basis that it failed to provide her notice of non-acceptance of late payments because we have already determined that the judgment may be affirmed on other grounds. *See* TEX. R. APP. P. 47.1.

11