# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20809
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

KRYSTAL ONE ACQUISITIONS, L.L.C. A LIMITED LIABILITY
COMPANY,

> Plaintiff - Appellant

v.

BANK OF AMERICA, N.A.,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1225

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's summary judgment recognizing the validity of a lender's senior lien. We AFFIRM.

## BACKGROUND

The parties each claim an interest in a home located in Houston, Texas. In June 2000, Fred and Cathy Patterson signed a promissory note secured by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20809

a deed of trust for the property. Bank of America, N.A. ("Bank of America") now holds the secured promissory note.

Later, when the Pattersons defaulted on payments to a homeowners' association, the association placed a subordinate lien on the property. Krystal One Acquisitions, L.L.C. ("Krystal One") purchased the home in 2015 after the homeowners' association foreclosed on its subordinate lien.

Krystal One filed a state-court action against Bank of America on April 4, 2016. In it, Krystal One sought a temporary restraining order prohibiting Bank of America from foreclosing on its senior lien through a trustee's sale allegedly scheduled for April 5, 2016. Krystal One asserted that Bank of America accelerated the promissory note more than four years before Krystal One's lawsuit, and therefore argued that Bank of America's lien is time-barred under Texas law.

Bank of America removed, and the district court granted summary judgment in its favor.

## DISCUSSION

As the district court correctly recognized, this case turns on whether Bank of America accelerated the promissory note more than four years before Krystal One's lawsuit. Texas law provides a four-year statute of limitations for foreclosure actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). Because the promissory note contained an optional acceleration provision, the limitations period would only start to run if Bank of America "actually exercise[d] its option to accelerate." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex.2001)).

"To exercise [an acceleration] option, the holder must send 'both a notice of intent to accelerate and a notice of acceleration.'" *Id.* (quoting *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 336 (Tex. App. 2008)). "Both

2

notices must be 'clear and unequivocal.'" *Id.* (quoting *EMC Mortg. Corp.*, 264 S.W.3d at 336. "A proper notice of acceleration 'in the absence of a contrary agreement or waiver, cuts off the debtor's right to cure his default and gives notice that the *entire debt is due and payable*.'" *EMC Mortg. Corp.*, 264 S.W.3d at 337 (quoting *Ogden v. Gibraltar Sav. Ass'n.*, 640 S.W.2d 232, 234 (Tex. 1982)).

The summary judgment record contains a letter Bank of America sent to the Pattersons on October 31, 2011. The letter stated Bank of America's intention to accelerate the loan unless the Pattersons paid missing installments by December 5, 2011. Because the letter expressly recognized the Pattersons' right to cure their default and only demanded payment for the portion of the loan already owing, it constituted only a notice of intent to accelerate. *See EMC Mortg. Corp.*, 264 S.W.3d at 337.

Krystal One presents no summary judgment evidence that Bank of America sent the Pattersons a clear and unequivocal notice of acceleration, and Bank of America accepted a partial payment from the Pattersons in January 2012. A notice of substitute trustee's sale was issued on April 20, 2012, and a line of cases from Texas's intermediate appellate courts holds that a notice of intent to accelerate followed by a notice of trustee's sale unequivocally indicates acceleration. *See Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App. 2013); *see also Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App. 2008); *Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App. 1998); *McLemore v. Pac. Sw. Bank, FSB*, 872 S.W.2d 286, 292 (Tex. App. 1994). But we need not decide whether the April 20, 2012 notice of substitute trustee's sale triggered the accrual of Bank of America's foreclosure claim, because Krystal One filed the lawsuit underlying this appeal on April 4, 2016. The foreclosure sale allegedly

No. 16-20809

scheduled for April 5, 2016, would have fallen within the four-year statute of limitations even if Bank of America's claim accrued on April 20, 2012.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.