# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2018

Lyle W. Cayce
Clerk

No. 17-50115

WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2,

Plaintiff - Appellee

v.

ANGEL ROB; KCEVIN ROB,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Kcevin and Angel Rob defaulted on a home equity loan. The Robs' lender, Wilmington Trust, sued for a judgment permitting foreclosure. The district court granted summary judgment in Wilmington Trust's favor. The Robs appeal, arguing that Wilmington Trust is not entitled to foreclosure because the company failed to prove that it provided adequate notice of intent to accelerate. Agreeing, we reverse the summary judgment and render a judgment of dismissal.[1]

---

[1]    The Robs also argue the loan documents do not meet the requirements for foreclosure-eligibility contained in Article XVI, Section 50(a)(6) of the Texas Constitution. We do not reach this issue.

No. 17-50115

I.

On July 26, 2007, appellant Kcevin Rob executed a note in the principal amount of $113,600. On the same day, Kcevin and his wife Angel executed a Texas Home Equity Security Instrument, which secured payment of the note with a lien on the Robs' home in Austin, Texas. In 2014, following a series of assignments, Wilmington Trust, as trustee for ARLP Securitization Trust, Series 2014-2, came into possession of the Robs' loan.

By the time Wilmington Trust acquired it, the Robs' loan had a tumultuous history. The Robs stopped making payments on the loan in March 2011. On April 15, 2011, one of Wilmington Trust's predecessors mailed Kcevin a notice of default and intent to accelerate.[2] On June 22, 2011, Kcevin was sent a notice of acceleration. On March 6, 2012, the predecessor sent a second notice of default and intent to accelerate, followed by a second notice of acceleration on May 22, 2013. On November 3, 2014, Wilmington Trust, having taken assignment of the loan, sent the Robs a "NOTICE OF RESCISSION OF ACCELERATION." That document stated that the lender "hereby rescinds Acceleration of the debt and maturity of the Note" and that the "Note and Security Instrument are now in effect in accordance with their original terms and conditions, as though no acceleration took place."

On June 25, 2015, Wilmington Trust sued the Robs in the Western District of Texas seeking a judgment for foreclosure or, alternatively, a judgment of equitable subrogation. In August 2015, Wilmington Trust filed an Amended Complaint, which alleged that the total debt owed on the note was $159,949.07. The Amended Complaint also stated that Wilmington Trust

---

[2]    Acceleration is "[t]he advancing of a loan agreement's maturity date so that payment of the entire debt is due immediately." *Acceleration*, Black's Law Dictionary (10th ed. 2014).

No. 17-50115

"accelerates the maturity of the debt and provides notice of this acceleration through the service of this Amended Complaint."

On August 26, 2016, Wilmington Trust moved for summary judgment. The district court granted Wilmington Trust's motion, and entered judgment permitting Wilmington Trust to foreclose on the Robs' home. This appeal followed.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). "Where, as here, the proper resolution of the case turns on the interpretation of Texas law, we are bound to apply Texas law as interpreted by the state's highest court." *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104–05 (5th Cir. 2015) (quoting *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010)). On issues the Texas Supreme Court has not yet decided, "we must make an '*Erie* guess' as to how the Court would resolve [the] issue." *Id* (quoting *Am. Int'l Specialty Lines Ins. Co.*, 620 F.3d at 564).

## III.

"[W]hether a holder has accelerated a note is a fact question." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). Wilmington Trust's lien includes an optional acceleration clause, under which the "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument . . . ." In its First Amended Complaint, Wilmington Trust alleges that it has accelerated the Robs' debt, that the Robs are in default of the full $159,949.07 owed under the note, and that Wilmington Trust should therefore be permitted to foreclose.

No. 17-50115

"Texas courts disfavor acceleration because it imposes a severe burden on the mortgagor." *Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.*, 468 S.W.3d 557, 569 (Tex. App.—San Antonio 2014, pet. denied); *see also Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) ("Acceleration is a harsh remedy with draconian consequences for the debtor and Texas courts look with disfavor upon the exercise of this power because great inequity may result."). Further, a lender may lose the right to accelerate if its conduct is "inconsistent or inequitable." *William J. Schnabel Revocable Living Tr. v. Loredo*, No. 13-13-00297, 2014 WL 4049862, at *5 (Tex. App.—Corpus Christi Aug. 14, 2014, no pet.) (quoting *McGowan v. Pasol*, 605 S.W.2d 728, 732 (Tex. App.—Corpus Christi 1980, no writ)).

Consistent with this caution, Texas common law imposes notice requirements before acceleration. In Texas, "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Wolf*, 44 S.W.3d at 566. "Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)). Here, Wilmington Trust's complaint could serve as adequate notice of acceleration,[3] but only if it was preceded by valid notice of intent to accelerate. *See Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987) ("In Texas, notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate."). Unless a lender provides both forms of notice, it may not foreclose.[4] *See Bodiford v. Parker*, 651 S.W.2d 338, 339 (Tex.

---

[3]     *See Smither v. Ditech Fin., L.L.C.*, 681 F. App'x. 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action."); *Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) ("[N]otice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration.").

[4]     A borrower may waive its right to notice of intent to accelerate, but the waiver must be unequivocal. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893–94 (Tex. 1991).

App.—Fort Worth 1983, no writ) (en banc) (affirming grant of temporary injunction prohibiting foreclosure where "there was no notice of intent to accelerate given[ and] therefore the beneficiary could not accelerate"); *see also Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982) (rendering judgment for borrower in wrongful foreclosure suit where lender "did not give proper notice of its intent to accelerate the debt" and therefore "any attempted acceleration was ineffective").

Texas courts require pre-acceleration notice to be "clear and unequivocal." *Wolf*, 44 S.W.3d 562 at 566. For instance, in *Ogden*, the Texas Supreme Court held that a letter stating that the borrower's default "*may* result in acceleration" was ineffective because "[t]he letter gave no clear and unequivocal notice that [the lender] *would* exercise the option." *Ogden*, 640 S.W.2d at 233–34 (second emphasis added). The court explained that, to be effective, notice of intent to accelerate must "bring home to the mortgager that failure to cure will result in acceleration." *Id.* at 233.

Texas courts have not squarely confronted whether a borrower is entitled to a new round of notice when a borrower re-accelerates following an earlier rescission. Forced to make an *Erie* guess, we hold that the Texas Supreme Court would require such notice, and that Wilmington Trust has therefore failed to meet its summary judgment burden. Abandonment of acceleration "restor[es] the contract to its original condition." *Boren*, 807 F.3d at 104 (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Hous. [1st Dist.] 2012)). The Texas Supreme Court would likely conclude that Wilmington Trust acted "inconsistently" by rescinding acceleration and then re-accelerating without notice. *Karam v. Brown*, 407 S.W.3d 464, 473 (Tex.

---

The Robs waived presentment, but this waiver does not extend to notice of intent to accelerate. *See Shumway*, 801 S.W.2d at 895.

App.—El Paso 2013, no pet.). Once notice of acceleration had been rescinded, the Robs did not have "clear and unequivocal notice that [Wilmington Trust] *would* exercise the option." *Ogden*, 640 S.W.2d at 233–34 (emphasis added). This holding is consistent with observations by intermediate Texas appellate courts that re-notice is required after acceleration is rescinded. *See Karam,* 407 S.W.3d at 468 (affirming trial court entry of decision in wrongful foreclosure claim, where trial court held that after the lender abandoned his earlier acceleration he was required to provide the borrower with a new demand and notice of default); *Herrera v. Emmis Mortgage*, No. 04-95-00006, 1995 WL 654561, at *4 (Tex. App.—San Antonio 1995, writ denied) ("absent evidence that the Note was reinstated, appellee was not required to re-accelerate *by serving new notices*, demands, and accelerations." (emphasis added)).

Because Wilmington Trust failed to meet its burden to show clear and unequivocal notice of intent to accelerate prior to filing suit, it is not entitled to a foreclosure judgment. Accordingly, we hold that Wilmington Trust has not met its burden and reverse the district court's grant of summary judgment.

## IV.

The summary judgment is REVERSED, and a judgment of dismissal is RENDERED.