**AFFIRMED and Opinion Filed June 21, 2021**



In The
## Court of Appeals
### Fifth District of Texas at Dallas

No. 05-20-00306-CV

**REAGAN FLOREY AND NEILA FLOREY, INDIVIDUALLY AND AS TRUSTEES FOR THE MERCEDES 2004 TRUST # 6438, Appellants**

**V.**

**U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CCT AND NATIONSTAR MORTGAGE, L.L.C., Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-05797**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Nowell
Opinion by Justice Reichek

Reagan and Neila Florey, individually and as trustees for the Mercedes 2004 Trust #6438, appeal the trial court's summary judgments in favor of U.S. Bank National Association, trustee for the RMAC Trust, Series 2016–CCT and Nationstar Mortgage, L.L.C. In two issues, the Floreys contend the trial court erred in granting U.S. Bank's and Nationstar's motions for summary judgment and dismissing their claims to quiet title because U.S. Bank's attempt to foreclose the lien securing their

home equity loan is barred by the statute of limitations. For the reasons that follow, we affirm the trial court's judgments.

## Background

In 2007, the Floreys obtained a home equity loan evidenced by a promissory note in the amount of $392,000. Along with the promissory note, the Floreys executed a deed of trust lien securing the property. Through a series of transfers and assignments among various lenders, Nationstar became the mortgagee and, on October 19, 2012, it received an assignment of the Florey's deed of trust.

It is undisputed that the Floreys defaulted on their loan. Nationstar sent the Floreys a notice of default on September 6, 2013. Three months later, on December 19, Nationstar sent the Floreys a notice of acceleration of their debt. Following the acceleration, however, Nationstar continued to send the Floreys monthly mortgage statements seeking only the current and past due amounts rather than the full amount of the loan. The monthly statements included payment coupons to bring the loan current. The statements sent from February 2014 until January 2016 further informed the Floreys that Nationstar would not assess a prepayment penalty "in the event that [they] would like to pay all or part of [their] mortgage balance." No reference was made in the statements to acceleration of the debt, foreclosure, or any reinstatement of the loan following acceleration.

In August 2014, Neila Florey filed a petition for bankruptcy that was dismissed in April 2015. Beginning in November 2015, Nationstar began sending

the Floreys delinquency notices in addition to the monthly mortgage statements. The notices stated the loan must be brought current by payment of the past due amounts and "[f]ailure to bring your loan current may result in fees, possibly even foreclosure and loss of your home." The notices additionally suggested possible workout solutions to the delinquency including modifying the terms of the loan or receiving a payment forbearance to provide "more time to pay [the] monthly payment." Again, no reference was made to either acceleration or reinstatement.

On August 10, 2017, Nationstar filed an application for an expedited foreclosure under rule 736 of the Texas Rules of Civil Procedure. The application expressly relied on the notice of default sent on September 6, 2013. Shortly thereafter, the monthly mortgage statements sent by Nationstar specifically informed the Floreys that their loan had been accelerated. The statements set forth both the acceleration amount due and the reinstatement amount due. In addition, the statements informed the Floreys,

> The Reinstatement Amount Due is the amount you must pay as of the date of this billing to bring your loan current. Your loan has been accelerated. The Accelerated Amount Due is the approximate payoff as of the date of the billing statement. Neither of these amounts include fees and costs incurred but not yet billed. Please call us to request a reinstatement quote or payoff quote as these amounts will change frequently. We require all reinstatement payments to be made in certified funds through either a cashier's check or money order made payable and mailed to Nationstar Mortgage LLC d/b/a Mr. Cooper.

The payment coupons included with the statements specified they were for the reinstatement amount.

On May 25, 2018, the trial court denied Nationstar's motion for expedited foreclosure. Approximately six months later, Nationstar transferred the Floreys' note and deed of trust to U.S. Bank.

On January 15, 2019, U.S. Bank filed a second application for expedited foreclosure under rule 736 of the Texas Rules of Civil Procedure. Attached to the petition was a copy of the note and deed of trust, the notice of default sent by Nationstar in September 2013, and the assignment of the lien.

In response to the application, the Floreys filed this suit against both U.S. Bank and Nationstar seeking to quiet title to the property. The Floreys' asserted that the deed of trust lien was void because no foreclosure occurred within the four-year limitations period following the December 2013 acceleration of the debt. Even taking into account the seven months and eleven days that Neila Florey was in bankruptcy, the Floreys assert the foreclosure had to be initiated no later than July 28, 2018, which was approximately six months before U.S. Bank filed its application to foreclose.

On September 10, 2019, U.S. Bank sent the Floreys a new notice of default and intent to accelerate. The notice stated the entire debt would be accelerated unless the default was cured within thirty days. The notice was followed three months later by a counterclaim in this suit in which U.S. Bank sought a declaratory judgment to allow it to foreclose its lien on the property. Nationstar responded to the Floreys'

suit with various affirmative defenses including that the Floreys lacked standing to bring the claims asserted against it.

All parties filed motions for summary judgment. The Floreys filed a motion for traditional summary judgment, contending U.S.Bank's attempt to foreclose the lien was not timely brought within the four-year limitations period. Because the limitations period had expired, the Floreys argued the lien was no longer valid. The Floreys further contended the lien became invalid before Nationstar transferred the loan to U.S. Bank, thus potentially rendering the transfer void. Based on the possibility of a void transfer, the Floreys argued they had standing to assert a claim to quiet title against Nationstar.

U.S. Bank filed a motion for traditional and no-evidence summary judgment. In its motion, U.S. Bank contended the summary judgment evidence conclusively showed (1) the 2013 acceleration had been abandoned, (2) the Floreys were in default on their note, (3) the Floreys were properly notified of their default on September 10, 2019, and (4) the bank was entitled to conduct a non-judicial foreclosure sale of the subject property as a matter of law. The bank further contended the Floreys had no evidence to support their action to quiet title. Nationstar also filed a motion for no-evidence summary judgment arguing the Floreys had no evidence to establish Nationstar had asserted a claim to the subject property or that they had standing to assert a claim against Nationstar.

The trial court denied the Florey's motion for summary judgment and granted the motions brought by U.S. Bank and Nationstar. The Floreys then brought this appeal.

**Analysis**

## I. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Helix Energy Solutions Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c). "When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). For a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact to defeat the summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## II. Abandonment of Acceleration

The pivotal issue in this case is whether the 2013 acceleration of the Floreys' note was abandoned. A suit for foreclosure must be brought no later than four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). If a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment. *Id*. § 16.035(e). Where the note or deed of trust secured by real property contains an optional acceleration clause, the cause of action accrues when the holder of the note actually exercises its option to accelerate, and foreclosure must occur within four years of that date. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Once a debt has been accelerated, the note holder may unilaterally waive or abandon the acceleration so long as the borrower neither objects to the abandonment nor detrimentally relied on the acceleration. *Ankus, L.L.C. v. U.S. Bank Trust, Nat'l Ass'n*, No. 01-18-00777-CV, 2020 WL 4118025, at *3 (Tex. App.—Houston [1st Dist.] July 21, 2020, pet. denied) (mem. op.). Abandonment can occur either expressly through a clear repudiation of the right, or impliedly through conduct inconsistent with a claim to the right. *Id*. In the absence of other evidence, communications sent to the borrower "replete with language inconsistent with the then-present right to foreclose" will compel the conclusion that the lender abandoned its acceleration of the debt. *NSL Prop. Holdings, LLC v. Nationstar Mortg. LLC*,

No. 02-16-00397-CV, 2017 WL 3526354, at *5 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied) (mem. op.). When acceleration is abandoned, the contract is restored to its original condition, including restoring the loan's original maturity date and resetting the statute of limitations. *Id.* Whether acceleration has been effectively abandoned is a question of law when the relevant facts are undisputed. *Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.).

In their first issue, the Floreys contend the trial court erred in granting U.S. Bank's motion for summary judgment because the evidence does not show the lenders acted in a manner inconsistent with continued reliance on the December 2013 acceleration. They argue the evidence shows instead that both U.S. Bank and Nationstar reaffirmed the 2013 acceleration up to and beyond the date at which limitations expired.

Texas courts have consistently held that a lender may abandon acceleration by sending subsequent notices seeking payment of less than the full amount of the loan when such correspondence "unequivocally manifests an intent to abandon the prior acceleration." *Ernst v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-428-RP, 2019 WL 7761444, at *5 (W.D. Tex. Nov. 22, 2019); *Citibank N.A. as Trustee for NRZ Pass-Through Trust VI and Newrez LLC v. Pechua, Inc.*, No. 14-19-00337-CV, 2021 WL 1623107, at *6 (Tex. App.—Houston [14th Dist.] April 27, 2021, no pet. h.). Language inconsistent with acceleration and a present right to foreclose can

manifest such intent. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015); *NSL*, 2017 WL 3526354, at *5.

The Floreys do not dispute that the monthly statements and delinquency notices they received following the acceleration of their loan sought to collect less than the full amount due under the note. They argue that these statements were not inconsistent with acceleration because, under the terms of their note, they had a right to reinstatement following acceleration if they paid the sums due as if no acceleration had occurred. But, unlike the statements sent after the August 2017 expedited foreclosure filing, the monthly statements sent to the Floreys following the 2013 acceleration made no reference to acceleration or a reinstatement amount. More importantly, both the monthly statements and delinquency notices following the 2013 acceleration contained language entirely inconsistent with acceleration of the debt.

The monthly mortgage statements sent to the Floreys from February 2014 to January 2016 specifically informed them that they could *prepay* part or all of their mortgage balance, "*if [they] would like to*," without incurring a penalty. A notice regarding optional, voluntary prepayment of part or all of the mortgage balance is clearly antithetical to acceleration of the loan. *Cf. Affiliated Capital Corp. v. Commercial Fed. Bank*, 834 S.W.2d 521, 526 (Tex. App.—Austin 1992, no writ) (contrasting voluntary prepayment of loan from payment based on acceleration). In addition, the delinquency notices stated the failure to "bring the loan current" could

–9–

result in fees or possibly foreclosure, and suggested workout solutions including modifying the terms of the loan or temporary forbearance of the monthly payment. As with the voluntary prepayment language, statements regarding a possible right to foreclose in the future, modifying loan terms, and forbearance of monthly payments are all inconsistent with acceleration and a then-present right to foreclose. The delinquency notices contained no reference to, or reservation of, Nationstar's rights following acceleration, and Nationstar took no action to foreclose on the property until it filed its application for an expedited foreclosure in August 2017.

The Floreys contend that, because the expedited foreclosure applications filed in August 2017 and January 2019 expressly relied on the 2013 notice of default, they necessarily demonstrated that the 2013 acceleration had not been abandoned. The Florey's reasoning is flawed. Although the lenders' foreclosure applications both relied on the 2013 notice of default, nothing in the applications demonstrated reliance on the 2013 acceleration. The applications for expedited foreclosure by themselves constituted notices of acceleration. *See Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.).

The Floreys point to Fifth Circuit authority that, once an acceleration has been abandoned, any subsequent foreclosure action must be preceded by a new notice of default and intent to accelerate. *See Wilmington Trust, N.A. v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018) (making *Erie* guess that Texas Supreme Court would require new notice of default and intent to accelerate after rescission or abandonment of

acceleration). But this authority only serves to call into question the propriety of the expedited foreclosure applications, which is not an issue before us since U.S. Bank's request for declaratory judgment relies on its September 2019 notice of default and the counterclaim for foreclosure in this suit. The Floreys cite no authority for the proposition that an attempt to foreclose without a new notice of default following clear abandonment of acceleration would somehow "undo" the abandonment. The very authority they rely on suggests the opposite. *Id*.; *cf. Calderon v. Bank of N.Y. Mellon as Tr. for Certificateholders of CWABS, Inc. Asset-Backed Certificate Series 2006-22*, 791 Fed. App'x 453, 457 (5th Cir. 2019) (abandonment not undone by later notification returning borrower to pre-abandonment default status).

Even reading the evidence in the light most favorable to the Floreys, as we must, the collective summary judgment evidence shows that Nationstar unequivocally abandoned its 2013 acceleration of the Floreys' debt. Because the 2013 acceleration was abandoned, the lien did not become invalid in 2018 and U.S. Bank's suit for foreclosure is not time-barred. We resolve the Floreys' first issue against them.

## III. Pleading Verification

In their second issue, the Floreys contend the trial court erred in dismissing their quiet title claim against Nationstar because Nationstar failed to file a verified pleading in support of its capacity challenge. They further contend the evidence showed Nationstar's transfer of the lien to U.S. Bank was void due to expiration of

–11–

the limitations period. With respect to the latter assertion, we have already concluded the lien was valid at the time it was transferred from Nationstar to U.S. Bank. Accordingly, that argument lacks merit.

As for the Floreys' contention that Nationstar was required to file a verified pleading, the defense raised by Nationstar to the Floreys' quiet title claim was not that the Floreys lacked capacity to bring it, or that they had sued Nationstar in the wrong capacity. Rather, Nationstar contended the Floreys lacked standing to assert a quiet title claim against it because Nationstar had transferred all rights to the lien at issue to U.S. Bank. Because Nationstar was no longer the holder of the note or deed of trust, it argued there was no real controversy between Nationstar and the Floreys that would be resolved by the claim asserted against it. *See Nootsie, Ltd. v. Williamson Cty Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (general test for standing requires real controversy between parties that will be actually determined by judicial declaration sought).[1] Unlike capacity, a challenge to standing cannot be waived and no verified pleading is required. *Id*. We resolve the Floreys' second issue against them.

---

[1] We express no opinion as to whether lack of standing is a proper challenge to the Floreys' quiet title claim.

Based on the foregoing, we conclude the trial court properly granted U.S. Bank's and Nationstar's motions for summary judgment and dismissed the Floreys' claims against them.  We affirm the trial court's judgments.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200306F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAGAN FLOREY AND NEILA FLOREY, INDIVIDUALLY AND AS TRUSTEES FOR THE MERCEDES 2004 TRUST # 6438, Appellants

No. 05-20-00306-CV     V.

U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CCT AND NATIONSTAR MORTGAGE, L.L.C., Appellees

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-05797. Opinion delivered by Justice Reichek. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgments of the trial court are **AFFIRMED**.

It is **ORDERED** that appellees U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CCT AND NATIONSTAR MORTGAGE, L.L.C. recover their costs of this appeal from appellants REAGAN FLOREY AND NEILA FLOREY, INDIVIDUALLY AND AS TRUSTEES FOR THE MERCEDES 2004 TRUST # 6438.

Judgment entered June 21, 2021