# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20138

———————

Linda Moore; Thomas Moore, Jr.,

*Plaintiffs—Appellants*,

*versus*

Wells Fargo Bank, National Association, *as trustee for* MASTR Asset Backed Securities Trust 2004-OPT2, Mortgage Pass-Through Certificates; PHH Mortgage Corporation,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3299

———————————————————

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Texas law imposes a four-year limitations period on real property liens. Tex. Civ. Prac. & Rem. Code § 16.035. Where a note or deed of trust secured by a real property lien contains an optional acceleration clause, the lender must bring a foreclosure suit within four years of exercising

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20138

its right to accelerate. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001). The lender can also rescind the acceleration before the limitations period expires, which restores the deed to its original condition "as if no acceleration had occurred." TEX. CIV. PRAC. & REM. CODE § 16.038(a). The lender may then accelerate the maturity date of the loan again in the future. *See id.* § 16.038(d).

But what happens if a lender tries to simultaneously rescind a prior acceleration and re-accelerate? Is that valid? If not, are both the rescission and the re-acceleration void? Or just the re-acceleration? Section 16.038 does not say.

We believe this dispute presents pure questions of law that "should be answered by the only court that can issue a precedential ruling that will benefit all future litigants, whether in state or federal court." *JCB, Inc. v. Horsburgh & Scott Co.*, 912 F.3d 238, 239 (5th Cir. 2018). Accordingly, we certify two questions to the Supreme Court of Texas.

## I.

On May 27, 2004, Plaintiffs Linda Moore and Thomas Moore obtained a $170,700 loan—secured by their property in Sugar Land, Texas—from Option One Mortgage Corporation. Option One assigned the loan to Wells Fargo. PHH Mortgage Corporation services the loan. The deed of trust that memorialized this transaction contained an optional acceleration clause, which gave Wells Fargo and PHH (the "Lenders") the right to demand full repayment of the loan if the Moores fell behind in their monthly payments.

The Moores indeed fell behind on their monthly payments. They agreed to a loan workout plan with Wells Fargo, but they again fell behind. This led to a Loan Modification Agreement. The Moores still failed to make their payments. So PHH sent them a notice of default in October 2015,

requesting a delinquent amount of $6,988.05.  This letter also expressed the Lenders' intent to accelerate the loan.  On February 2, 2016, the Lenders sent the Moores a notice of acceleration.  The parties agree that the four-year limitations period to foreclose under § 16.035 began to accrue on this date.

After sending the initial notice of acceleration, the Lenders sent similar notices on October 6, 2016, November 2, 2016, January 13, 2017, March 8, 2017, and March 5, 2019.  Each notice included language expressly rescinding prior acceleration notices: "The Servicer hereby rescinds all prior acceleration notices."  And each notice purported to re-accelerate the maturity date of the loan.

On August 12, 2020, the Moores filed suit in state court for a declaratory judgment that the four-year limitations period had run on Wells Fargo's ability to foreclose.  The Lenders removed to federal court and moved for summary judgment, which the district court granted.  The district court held that the Lenders had abandoned their February 2016 acceleration of the loan by sending multiple notices requesting less than the full balance of the loan, and that they otherwise rescinded the acceleration under § 16.038.

## II.

The parties disagree on whether the Lenders timely rescinded the February 2016 acceleration.

A lienholder can rescind a prior acceleration by sending a "written notice" of rescission to the borrower's "last known address" by "first class or certified mail."  TEX. CIV. PRAC. & REM. CODE § 16.038(b)–(c). Rescission "does not affect a lienholder's right to accelerate the maturity date of the debt in the future nor does it waive past defaults." *Id.* § 16.038(d).

No. 22-20138

The Lenders argue that they satisfied § 16.038's requirements for rescission by sending multiple written notices of rescission to the Moores. The Moores argue that § 16.038 doesn't apply because the Lenders impermissibly attempted to simultaneously rescind the acceleration and re-accelerate the loan.

The Moores point to a holding from this court that "re-notice is required after acceleration is rescinded." *Wilmington Trust v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018). As with initial acceleration, re-acceleration requires first a notice of intent to accelerate, followed by a notice of acceleration. *See id.* at 176–77. Thus, the Moores argue, a lender can't rescind and re-accelerate simultaneously because Texas law "imposes notice requirements *before* acceleration." *Id.* at 176 (emphasis added).

But *Wilmington Trust*—which was not a statute of limitations case—does not control. It only concerned re-acceleration, not rescission. This case, by contrast, is about whether the Lenders properly and timely *rescinded* their initial acceleration, since that would have reset the applicable limitations period. So although the Lenders' *re-acceleration* of the loan is likely void under *Wilmington Trust*—since simultaneous rescission and re-acceleration by definition lacks a re-notice of intent to accelerate—that case doesn't tell us whether the Lenders' *rescission* of the initial acceleration is also void.

But even so, *Wilmington Trust* casts into doubt whether the Lenders effectively rescinded. There's no way to tell if the Lenders intended to rescind the initial acceleration without being able to also re-accelerate at the same time. Arguably, rescission was merely a necessary antecedent to the Lenders' primary goal of re-acceleration.

By contrast, a Texas intermediate appellate court recently blessed simultaneous rescission and re-acceleration. *See PHH Mortgage Corp. v.*

4

No. 22-20138

*Aston*, No. 01-21-00057-CV, 2022 WL 3363196 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, pet. denied).  And it addressed and rejected the same arguments that the Moores presented to this court.  *See id.* at *4–5.

So under *Aston*, the Lenders properly rescinded and re-accelerated. But under *Wilmington Trust*, the Lenders could not have re-accelerated and arguably did not rescind the initial acceleration.

Certification is advisable here.  As the *Aston* court acknowledged, "Section 16.038 is silent as to whether any time must pass between a rescission and a re-acceleration."  2022 WL 3363196, at *4.  And the parties do not point to any meaningful authority besides *Aston* and *Wilmington Trust*.

## III.

We hereby certify the following questions of law to the Supreme Court of Texas:

(1)  May a lender simultaneously rescind a prior acceleration and re-accelerate a loan under TEX. CIV. PRAC. & REM. CODE § 16.038?

(2)   If a lender cannot simultaneously rescind a prior acceleration and re-accelerate a loan, does such an attempt void only the re-acceleration, or both the re-acceleration and the rescission?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.



**A True Copy**
**Certified Jul 07, 2023**

*Tyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**