# Supreme Court of Texas

No. 23-0525

Linda Moore and Thomas Moore, Jr.

*Appellants,*

v.

Wells Fargo Bank, N.A., as trustee for MASTR Asset Backed Securities Trust 2004-OPT2, Mortgage Pass-Through Certificates, and PHH Mortgage Corporation,

*Appellees*

On Certified Questions from the
United States Court of Appeals for the Fifth Circuit

**Argued October 25, 2023**

JUSTICE BLAND delivered the opinion of the Court.

When a lender accelerates a loan that has fallen into default, the statute of limitations on foreclosure begins to run. Under Civil Practice and Remedies Code Section 16.038, however, the lender can rescind its acceleration—and reset the limitations period—by notifying the borrower of the rescission in a manner that complies with the statute. In this case, the lenders issued notices that rescinded acceleration and also notified the borrowers that the loan was then reaccelerated. The

borrowers sued for declaratory relief, claiming that limitations had run against foreclosure of the lien on their property because the rescission notices simultaneously notified the borrowers that the loan was again accelerated.

Rejecting that claim, a federal district court ruled that limitations on foreclosure had not run. Accordingly, it granted summary judgment in favor of the lenders. The borrowers appealed, and the Fifth Circuit certified questions to us inquiring whether simultaneous rescission and reacceleration can reset the limitations period under Section 16.038. We respond that a rescission that complies with the statute resets limitations even if it is combined with a notice of reacceleration.

**I**

In 2004, Linda and Thomas Moore obtained a $170,700 loan secured by their property in Sugar Land. Wells Fargo Bank holds the note and deed of trust memorializing the bank's security interest. PHH Mortgage Corporation services the loan.[1]

The deed of trust contains an acceleration clause in the event of default: "all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance." The deed of trust also waives any notice of intent to accelerate. Upon acceleration, however, the Moores are entitled to reinstate the loan "as if no acceleration had occurred" by paying all sums due plus costs.

---

[1] Ocwen Loan Servicing, LLC previously serviced the loan.

2

After the Moores defaulted on the loan, the mortgage servicer issued a notice of intent to accelerate in October 2015, and it gave written notice that it had accelerated the loan on February 2, 2016. A foreclosure sale scheduled for March 1 did not occur.

Eight months later, on October 6, the mortgage servicer sent the Moores a "Notice of Acceleration of Maturity" that rescinded its earlier acceleration of the note:

> The Servicer hereby rescinds all prior acceleration notices. The rescission of prior acceleration notices does not act as a waiver or [sic] any rights nor does the rescission(s) suspend the current rights or claims of Mortgagee, its successor or assigns. Mortgagee reserves the right to accelerate in this notice or in a separate notice and may continue to collect the debt owed by Borrower.

In the next paragraph, the notice reaccelerates the debt. The notice set a new foreclosure and sale date in November.

Additional notices sent to the Moores repeat the rescission language and then reaccelerate the loan in November 2016, January 2017, March 2017, and March 2019. Each notice updates both the amount the Moores owed in total and the amount the Moores could pay to cure their default and reinstate the loan. The final notice contained additional language: "Any acceleration of the Note made prior to sending this Notice is hereby rescinded in accordance with the Texas Practice and Remedies Code § 16.038."

During and after this time, the mortgage servicer scheduled multiple foreclosure sales that never occurred, and the Moores filed multiple bankruptcy petitions, which the bankruptcy court dismissed.

To date, Wells Fargo has not foreclosed on the property, and the Moores have not made a payment on the loan in eight years.

In August 2020, the Moores sued in state court, seeking a declaratory judgment that the limitations period had run four years after the first acceleration in February 2016. Wells Fargo and PHH removed the case to federal court and moved for summary judgment. They contended that they had rescinded earlier accelerations under Section 16.038 and further had abandoned acceleration by demanding less than the full balance of the loan. The district court granted summary judgment.

The Moores appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit certified to us the following questions:

> (1) May a lender simultaneously rescind a prior acceleration and re-accelerate a loan under Tex. Civ. Prac. & Rem. Code § 16.038?
>
> (2) If a lender cannot simultaneously rescind a prior acceleration and re-accelerate a loan, does such an attempt void only the re-acceleration, or both the re-acceleration and the rescission?

We answer the first question "yes." Accordingly, we do not reach the second.

## II

In Texas, a lender must bring suit to foreclose on a real property lien "not later than four years after the day the cause of action accrues."[2]

---

[2] Tex. Civ. Prac. & Rem. Code § 16.035(a).

Generally, the accrual date is the maturity date of the loan.[3] Pertinent here, however, notes often also contain acceleration clauses that permit the lender to accelerate the loan upon the borrower's default. When a lender chooses to accelerate, the cause of action for foreclosure of the lien accrues at the time of acceleration.[4]

Not all accelerations are carried through to foreclosure. A lender may abandon or rescind acceleration of the note, restore the original maturity date, and reset the limitations period, thus giving the borrower an opportunity to cure the default.

Civil Practice and Remedies Code Section 16.038 provides one nonexclusive method of rescission.[5] Under Section 16.038(b), rescission of acceleration "is effective if made by a written notice of a rescission or waiver served . . . on each debtor who . . . is obligated to pay the debt."[6] The notice must be served "by first class or certified mail and is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."[7] Rescission under this section "does not affect a lienholder's right to accelerate the maturity date of the debt in the future nor does it waive past defaults."[8]

---

[3] *Id.* § 16.035(e).

[4] *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

[5] Tex. Civ. Prac. & Rem. Code § 16.038(a), (e).

[6] *Id.* § 16.038(b).

[7] *Id.* § 16.038(c).

[8] *Id.* § 16.038(d).

The Moores received multiple letters notifying them that the lenders had rescinded earlier accelerations of the loan, as Section 16.038(b) permits. They argue, however, that the limitations period did not reset because these letters further informed them that their loan was reaccelerated. First, the Moores rely on *Swoboda v. Ocwen Loan Servicing*, a court of appeals case that explains common-law abandonment of acceleration.[9] In *Swoboda*, the court held that reacceleration will not reset limitations unless the earlier acceleration was abandoned.[10] Second, the Moores contend that Section 16.038 refers to a lienholder's right to accelerate "in the future."[11] Relying on this language, they argue that a notice rescinding an earlier acceleration is ineffective if it is accompanied by a notice that the loan is reaccelerated.

Wells Fargo and PHH respond that the notices comply with Section 16.038 and thus are effective rescissions. The statute does not make rescission contingent on refraining from reaccelerating the loan in the same notice. Rather, the statute expressly contemplates that a lender may reaccelerate after rescission.

We agree with Wells Fargo and the federal district court. The Moores received five compliant rescission notices within four years after the initial February 2016 acceleration. Section 16.038 requires that a notice of rescission be written and served via an appropriate method to the debtor's last known address. It does not require that the rescission

---

[9] 579 S.W.3d 628, 632–33 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

[10] *Id.* at 636–37.

[11] *See* Tex. Civ. Prac. & Rem. Code § 16.038(d).

6

notice be distinct or separate from other notices that a lender might send to borrowers with a loan in default. In the absence of any restriction, we will not read one into the statute.[12]

The Moores' analogy to common-law abandonment cases is also unavailing. In *Swoboda*, the court of appeals held that an abandonment of acceleration must be clear enough to "justify the borrower in believing and acting upon the belief that the effect of the failure to pay an installment was to be disregarded, and that the contract should stand as if there had been no default."[13] A rescission under Section 16.038, in contrast, "is complete" upon the lender's depositing the notice in the mail, addressed to the "the debtor's last known address."[14]

The statute's express provision that a rescission "does not affect a lienholder's right to accelerate the maturity date of the debt in the future" does not create a waiting period between rescission and reacceleration of specific duration.[15] It is the very nature of rescission to remove the earlier acceleration, paving the way for a new one to follow, whether in the same letter or by separate notice.[16]

---

[12] *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 631 (Tex. 2008) ("[C]hanging the meaning of the statute by adding words to it, we believe, is a legislative function, not a judicial function.").

[13] 579 S.W.3d at 636 (quoting *San Antonio Real Est. Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 389 (Tex. 1901)).

[14] Tex. Civ. Prac. & Rem. Code § 16.038(c).

[15] *Id.* § 16.038(d).

[16] *See PHH Mortg. Corp. v. Aston*, No. 01-21-00057-CV, 2022 WL 3363196, at *4, *6 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, pet. denied) (interpreting similar notices as effective to rescind acceleration and reset the limitations period).

The Moores advance policy arguments against simultaneous rescission and reacceleration, but none justifies departing from the text of the statute. Though Section 16.038 permits lenders to reset the limitations period, borrowers are in the same position under the original terms of the lien. Absent acceleration, limitations on foreclosure does not begin to run until the lien matures—often decades in the future. Meanwhile, the borrowers remain in their home despite their default and have a further opportunity to cure that default upon notice of the reacceleration.

Finally, our answer is not in tension with *Wilmington Trust v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018), which suggests that a new acceleration of a loan requires a new notice of a lender's intent to accelerate the loan—in addition to the notice of acceleration itself—to be effective.[17] In this case, the district court premised summary judgment on the effectiveness of the rescission to reset limitations. Whether the current loan has been properly reaccelerated is not at issue in deciding whether limitations has run.

---

[17] Such a determination may be fact specific, as in the case of a lien with an express waiver of notice. *See Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893–94 (Tex. 1991) (permitting the right to notice to be surrendered by a specific, separate waiver).

*     *     *

A lender's simultaneous reacceleration does not nullify a rescission that complies with Civil Practice and Remedies Code Section 16.038. We answer the Fifth Circuit's first question "yes" and therefore need not answer the second question.

Jane N. Bland
Justice

**OPINION DELIVERED:** February 23, 2024

9